OPINION
{¶ 1} This appeal arises from a jury verdict of guilt as to three counts of aggravated robbery, two counts of kidnapping, one count of aggravated burglary and two counts of abduction. Each count carried a gun specification.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The verdicts arose out of the State's charge that Appellant attempted to rob Schlotsky's Delicatessen on September 19, 2003, with a gun. Two employees were held at gunpoint and forced into the walk-in freezer.
 {¶ 3} A 911 call resulted in the vehicle occupied by Appellant being pursued. When stopped, a gun and hunting mask were found. A co-defendant, Russell Prophater, was also in the vehicle.
 {¶ 4} During the trial, the testimony of Appellant and Prophater were contradictory as to who instigated and conducted the robbery.
 {¶ 5} Evidence was presented as to Appellant purchasing the hunting mask and the gun.
 {¶ 6} Appellant raises three Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 7} "I. THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY ACCEPTING THE JURY'S GUILTY VERDICTS, AS THE PROSECUTION FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT EACH AND EVERY ELEMENT OF THE *Page 3 
OFFENSES OF COMPLICITY TO COMMIT AGGRAVATED ROBBERY, ABDUCTION, KIDNAPPING, AND AGGRAVATED BURGLARY.
 {¶ 8} "II. THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY FINDING APPELLANT GUILTY, AS THE VERDICT FOR ALL COUNTS OF COMPLICITY WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 9} "III. THE TRIAL COURT ERRED IN IMPOSING A NON-MINIMUM SENTENCE WHERE THE FACTS NECESSARY TO IMPOSE SUCH A SENTENCE HAD NEITHER BEEN PROVEN TO A JURY NOR ADMITTED BY APPELLANT, THEREBY DEPRIVING HIM OF HIS RIGHT TO A JURY TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION."
 I. {¶ 10} The First Assignment asserts lack of sufficiency of the evidence to establish each element of the various offenses charged.
 {¶ 11} We disagree.
 {¶ 12} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest *Page 4 
weight challenges questions whether the State has met its burden of persuasion." State v. Thompkins (1997), 76 Ohio St.3d 390,678 N.E.2d 541.
 {¶ 13} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991) 61 Ohio St.3d 259. The weight to be given evidence and the determination of credibility of witnesses are issues for the jury, not the reviewing court. State v.Jamison (1990), 49 Ohio St.3d 182, cert. denied, 498 U.S. 881.
 {¶ 14} Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks, supra. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Thompkins, 78 Ohio St.3d at 386,'678 N.E.2d 541.
 {¶ 15} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.Cuyahoga Falls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735. *Page 5 
 {¶ 16} The standard for determining whether a conviction is contrary to the manifest weight of the evidence is whether, upon a review of the entire record and after weighing the evidence and all reasonable inferences from the evidence and considering the credibility of the witnesses, we find that a greater amount of credible evidence supported the conviction than not and that the jury did not lose its way and thus create a manifest miscarriage of justice. State v. Thompkins, supra at 386-390, 678 N.E.2d 541.
 {¶ 17} The statutes involved in the indictment and verdict were: R.C § 2911.01(A)(1), § 2905.01(A)(2), § 2905.02(A)(2), § 2911.11(A)(1), § 2923.03 and § 2941.145 which provide:
 {¶ 18} Revised Code § 2911.01(A)(1):
 {¶ 19} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 20} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."
 {¶ 21} Revised Code 2905.01(A)(2):
 {¶ 22} "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 {¶ 23} "* * * (2) To facilitate the commission of any felony or flight thereafter."
 {¶ 24} Revised Code § 2905.02(A)(2): *Page 6 
 {¶ 25} "(A) No person, without privilege to do so, shall knowingly do any of the following:
 {¶ 26} "* * * (2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear."
 {¶ 27} Revised Code § 2911.11(A)(1):
 {¶ 28} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 {¶ 29} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another."
 {¶ 30} Revised Code § 2923.03:
 {¶ 31} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 {¶ 32} "(1) Solicit or procure another to commit the offense;
 {¶ 33} "(2) Aid or abet another in committing the offense;
 {¶ 34} "(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;
 {¶ 35} "(4) Cause an innocent or irresponsible person to commit the offense. *Page 7 
 {¶ 36} "(B) It is no defense to a charge under this section that no person with whom the accused was in complicity has been convicted as a principal offender.
 {¶ 37} "(C) No person shall be convicted of complicity under this section unless an offense is actually committed, but a person may be convicted of complicity in an attempt to commit an offense in violation of section 2923.02 of the Revised Code.
 {¶ 38} "(D) If an alleged accomplice of the defendant testifies against the defendant in a case in which the defendant is charged with complicity in the commission of or an attempt to commit an offense, an attempt to commit an offense, or an offense, the court, when it charges the jury, shall state substantially the following:
 {¶ 39} "`The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 {¶ 40} "It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth.'
 {¶ 41} "(E) It is an affirmative defense to a charge under this section that, prior to the commission of or attempt to commit the offense, the actor terminated his complicity, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose.
 {¶ 42} "(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. *Page 8 
A charge of complicity may be stated in terms of this section, or in terms of the principal offense."
 {¶ 43} Revised Code § 2941.145:
 {¶ 44} "(A) Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense. The specification shall be stated at the end of the body of the indictment, count, or information, and shall be stated in substantially the following form:
 {¶ 45} "`SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense).'
 {¶ 46} "(B) Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded if a court imposes a one-year or six-year mandatory prison term on the offender under that division relative to the same felony. *Page 9 
 {¶ 47} "(C) The specification described in division (A) of this section may be used in a delinquent child proceeding in the manner and for the purpose described in section 2152.17 of the Revised Code.
 {¶ 48} "(D) As used in this section, "firearm" has the same meaning as in section 2923.11 of the Revised Code."
 {¶ 49} Essentially, Appellant's argument as to the First Assignment is based on the credibility of the co-defendant, Russell Prophater and that a reasonable jury would not accept this to establish Appellant's guilt.
 {¶ 50} Revised Code § 2923.01(D) clearly addresses the fact that a jury must look with suspicion at the testimony of an accomplice but does not state that a jury, even with such caution, may not accept such testimony.
 {¶ 51} The trier of fact has the principal responsibility for determining the credibility of the witnesses and the relative weight attributable to their testimony. State v. Jamison (1990),40 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 52} Initially, Appellant, while lacking money for gas (Tr. at 358) and while not a hunter (Tr. at 362), purchased for Prophater a hunting mask. (Tr. at 282).
 {¶ 53} Appellant also owned the gun which he supplied to such co-defendant. (T. at 187, 200).
 {¶ 54} Considerable discussions took place as to the robbery. (T. at 184-187, 213, 214, 216).
 {¶ 55} Such testimony, contrary to Appellant's assertions, clearly, if accepted by the jury, establishes both the complicity and culpability of Appellant.
 {¶ 56} Based on the foregoing, this Assignment of Error is denied. *Page 10 
 II. {¶ 57} The Second Assignment states that the manifest weight of the evidence did not support the verdict.
 {¶ 58} On review for manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and draw all reasonable inferences, consider the credibility of the witnesses and determine Awhether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weights heavily against the judgment. State v.Martin (1983), 20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 59} Also in State v. Thompkins, supra, the Ohio Supreme Court held [t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary." Id. at paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required."
 {¶ 60} Similar assertions are made as to this Assignment as were presented in support of the First Assignment of Error. *Page 11 
 {¶ 61} Essentially, Appellant argues that the only evidence was the tape of his purchase of the mask and that a reasonable jury would not have believed the codefendant.
 {¶ 62} We find this argument to ignore the jury's capability of discerning the credibility, or lack thereof, of Mr. Prophater.
 {¶ 63} Overall, the record does not indicate that the jury lost its way in its review of the evidence and its decisions as to his credibility.
 {¶ 64} This Assignment is also rejected.
 III. {¶ 65} The Third Assignment of Error asserts that under Blakely v.Washington (2004), 542 U.S. 296, the sentence imposed relied on facts not determined by the jury.
 {¶ 66} The Ohio Supreme Court, shortly after the imposition of sentence in this case ruled upon the effect of Blakely v.Washington, supra, on Ohio statutes.
 {¶ 67} In State of Ohio v. Apolonio Lopez, Muskingum App. No. CT2006-0014, 2006-Ohio-6800, this Court held:
 {¶ 68} "The Ohio Supreme Court recently ruled in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, that certain portions of Ohio's felony sentencing laws, R.C. 2929.14(B), 2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violate theSixth Amendment to the United States Constitution, pursuant toBlakely, supra and Apprendi v. New Jersey (2000), 530 U.S. 466. The court then held severance of the offending portions of the sentencing statute was the proper remedy, Foster, supra, and that the cases before the court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the *Page 12 
court's opinion. Id. Consistent with the United States Supreme Court's holding in United States v. Booker (2005), 543 U.S. 220, the court inFoster only applied its holding retroactively to cases pending on direct review or not yet final. Id."
 {¶ 69} While Appellee correctly states that since Foster, the reasons for imposition of sentence within the statutory range need not be given, in this case, the court specifically referenced the provisions of R.C. § 2929.12, provisions of which have been declared unconstitutional.
 {¶ 70} We are, therefore, required under State v. Foster to sustain the Third Assignment of Error, vacate the sentence imposed and remand for re-sentencing.
 By: Boggins, J. Gwin, P.J. and Edwards, J. concur *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed in part, reversed in part and remanded. Costs assessed to appellee. *Page 1