OPINION *Page 2 
{¶ 1} Defendant-appellant David Aaron Mobley appeals the April 6, 2007 Judgment Entry of Sentence entered by the Fairfield County Court of Common Pleas, which imposed an aggregate term of imprisonment of twelve years, following this Court's remand order in State v. Mobley, Fairfield App. No. 06-CA-00003, 2007-Ohio-851. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On April 29, 2005, the Fairfield County Grand Jury indicted Appellant on three counts of aggravated robbery, two counts of kidnapping, two counts of abduction, and one count of aggravated burglary. Each count carried a firearm specification. Appellant appeared for arraignment on May 18, 2005, and entered a plea of not guilty to the Indictment. The matter proceeded to jury trial. After hearing all the evidence and deliberations, the jury found Appellant guilty of all eight counts and all eight specifications. The trial court issued an Entry of Verdict on December 20, 2005, and a Judgment Entry of Sentence on January 11, 2006. Appellant appealed his conviction and sentence to this Court. This Court affirmed the conviction, but remanded the matter to the trial court for resentencing pursuant to State v. Foster (2006),109 Ohio St.3d 1, State v. Mobley, supra. *Page 3 
 {¶ 3} The trial court conducted a resentencing hearing on April 3, 2007, and again sentenced Appellant to an aggregate prison term of twelve years. The trial court memorialized the Sentence via Judgment Entry of Sentence filed April 6, 2007.
 {¶ 4} It is from this judgment entry Appellant appeals, raising the following assignments of error:
 {¶ 5} "I. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO SERVE CONSECUTIVE PRISON TERMS FOR CONVICTIONS FOR MULTIPLE OFFENSES.
 {¶ 6} "II. THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO MORE THAN THE MINIMUM PRISON TERM."
 I, II {¶ 7} Because Appellant's assignments of error require similar analysis, we shall address said assignments of error together. In his first assignment of error, Appellant contends the trial court erred in sentencing him to serve consecutive prison terms for convictions for multiple offenses. In his second assignment of error, Appellant maintains the trial court erred in sentencing him to more than the minimum prison term. Specifically, Appellant argues the trial court did not have evidence to support the necessity of the sentence.
 {¶ 8} In State v. Foster (2006), 109 Ohio St.3d 1, the Ohio Supreme Court held, under the United States Supreme Court's decisions inApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, andBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the *Page 4 
minimum sentence, the maximum sentence, and/or consecutive sentences. Id., at paragraph one of the syllabus. As a remedy, the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Thus, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences. Id., at ¶ 100.
 {¶ 9} An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 10} In State v. Mathis 109 Ohio st.3d 1, 2006-Ohio-856, the Supreme Court held:
 {¶ 11} "As we have held in Foster, however, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Now that such findings are no longer mandated, on resentencing, the trial court will have discretion to sentence within the applicable range, following R.C. 2929.19 procedures. R.C. 2929.19 provides that "[t]he court shall hold a sentencing hearing before imposing a sentence * * * and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded." (Emphasis added.) The court "shall consider the record," any information presented at the hearing, any presentence investigation report, and any victim-impact statement. It thus appears that any case that is remanded for "resentencing" anticipates a sentencing hearing de novo, yet the parties may stipulate to the existing record and waive the taking of additional evidence. *Page 5 
 {¶ 12} "Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." Id.
 {¶ 13} Appellant has failed to provide this Court with a transcript of the April 3, 2007 resentencing hearing. Because that transcript is necessary to our resolution of whether the trial court abused its discretion in sentencing Appellant, this Court has nothing to pass upon; therefore, we have no choice but to presume the validity of the trial court's proceedings, and affirm. Knapp v. Edwards Lab. (1980),61 Ohio St.3d 197, 199.
 {¶ 14} Based upon the authority of the Knapp, we presume the regularity of the trial court's decision and find the trial court did not abuse its discretion in sentencing Appellant to an aggregate term of twelve years. Although concededly dicta, we hasten to add had the transcript been provided, we still would not have found the trial court abused its discretion in reentering the same sentence.
 {¶ 15} Appellant's first and second assignments of error are overruled. *Page 6 
 {¶ 16} The judgment of the Fairfield County Court of Common Pleas is affirmed.
 Hoffman, J. Gwin, P.J. and Wise, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] A Statement of the Facts underlying the offenses upon which Appellant was convicted is not necessary to our disposition of this appeal; therefore, such shall not be contained herein. *Page 1