OPINION
{¶ 1} This appeal arises from the Lake County Court of Common Pleas. On September 14, 2001, appellant, James E. Lloyd, Jr., ("Lloyd") was indicted on the foregoing charges: one count of engaging in a pattern of corrupt activity; eleven counts of burglary, two of which contained firearm specifications; four counts of grant theft of a motor vehicle; seventeen counts of theft; four counts of grand theft, all four with firearm specifications; and two counts of receiving stolen property, for a total of thirty-nine charges in all.
 {¶ 2} Lloyd pled not guilty at his arraignment. A motion to suppress was filed on October 18, 2001, which was subsequently denied. On February 8, 2002, Lloyd withdrew his not guilty plea, and pled guilty to the following charges: a lesser included offense of engaging in a pattern of corrupt activity; five counts of burglary, with firearm specifications on two of the counts; six counts of lesser included offenses of burglary; ten counts of theft; and one count of receiving stolen property. A nolle prosequi was entered upon the remaining counts of the indictment. The matter was referred to the Lake County Adult Probation Department for a presentence report and victim impact statement.
 {¶ 3} On March 22, 2002, Lloyd was sentenced to six years on the lesser included offense of engaging in a pattern of corrupt activity; six years on each of the five counts of burglary, to be served concurrently with each other and with the lesser included offense of engaging in a pattern of corrupt activity; three years on each of the six burglaries, to be served concurrently with each other but consecutive to the previous counts; and eleven months on each of the ten counts of theft and one count of receiving stolen property, to be served concurrently with each other but consecutive to the six-year and three-year sentences. Lloyd was also sentenced to one year on each of the two firearm specifications, each to be served prior to and consecutive to the sentences on the underlying offenses and consecutively to each other. Thus, Lloyd was sentenced to a total term of eleven years and eleven months incarceration. The sentencing forms the basis of this current appeal. Lloyd sets forth two assignments of error.
 {¶ 4} Lloyd's first assignment of error is:
 {¶ 5} "The trial court erred when it failed to consider R.C.2929.12(C)(3) as a factor indicating that the appellant's conduct was less serious than conduct normally constituting the offense."
 {¶ 6} Pursuant to R.C. 2953.08, an appellate court reviews a felony sentence de novo.[1] When sentencing a felony offender, the trial court must impose a sentence that is reasonably calculated to achieve the overriding purposes of sentencing, which are to protect the public from future crimes by the offender and others and to punish the offender.[2]
Moreover, a reviewing court will not disturb a defendant's sentence absent a finding, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law.[3]
 {¶ 7} R.C. 2929.12 sets forth a number of factors to be considered by the trial court in felony sentencing. R.C. 2929.12(C) contains factors relating to whether the offender's conduct is less serious than conduct which normally constitutes the offense. This court has held that a sentence will be reversed if the appellant demonstrates that the trial court statutorily erred or abused its discretion by failing to consider the sentencing factors.[4] R.C. 2929.12(C)(3) reads, in pertinent part:
 {¶ 8} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 9} "* * *
 {¶ 10} "* * *
 {¶ 11} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property."
 {¶ 12} In the instant case, according to a statement by Lloyd in the presentence report, he and his co-defendants specifically entered the garages of homes in the early morning hours to avoid encountering anyone. Counsel for Lloyd argued at the sentencing hearing, and reiterates to this court, that the fact the burglaries were planned at such a time as to avoid encountering anyone demonstrates that the conduct was less serious than conduct normally constituting burglary and, thus, the trial court erred in not considering this factor, as it applies to R.C. 2929.12(C)(3), to reduce Lloyd's felony sentence.
 {¶ 13} A review of the transcript from the sentencing hearing reveals that the trial court stated, "[n]o factors under 2929.12(C)." In the April 11, 2002 judgment entry of sentence the court noted, "[t]he Court has also considered the record, oral statements, any victim impact statement, pre-sentence report and/or drug and alcohol evaluation submitted by the Lake County Adult Probation Department of the Court of Common Pleas, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12."
 {¶ 14} Lloyd contends that the trial court "was obligated to detail such findings, not simply ignore the Appellant's statement." Lloyd citesState v. Boland for the notion that the trial court must give its reasoning for the findings accompanied by the underlying supporting reasons for its findings.[5] While this court agrees with the holding in Boland, we disagree with Lloyd's analysis as it relates to this case.Boland dealt specifically with maximum and consecutive sentences under R.C. 2929.14 and R.C. 2929.19, not the sentencing factors enumerated in R.C. 2929.12. There is no requirement that a trial court provide detailed findings with underlying supporting reasons.
 {¶ 15} According to the statute, the trial court need only consider the factors under R.C. 2929.12 in making its sentencing determinations. Lloyd pled guilty to a total of twenty-three counts relating to the burglaries. The trial court specifically stated that it considered the seriousness factors before it imposed a sentence of eleven years and eleven months incarceration, which meets the statutory requirement. Thus, the trial court did not err in sentencing Lloyd pursuant to R.C.2929.12, and Lloyd's first assignment of error is without merit.
 {¶ 16} Lloyd's second assignment of error is:
 {¶ 17} "The trial court erred when it sentenced the appellant to a substantially more severe sentence than his co-defendants."
 {¶ 18} In his second assignment of error, Lloyd asserts that the trial court erred by imposing a "substantially more severe" sentence on him compared to the two co-defendants. Lloyd pled guilty to twenty-three counts including firearm specifications and received a sentence of eleven years and eleven months. One of his co-defendants was sentenced on four felony counts with one firearm specification and received a sentence of six years. The second co-defendant was sentenced on twenty-three counts and received a ten-year sentence. Lloyd cites R.C. 2929.11(B) in support of his contention. R.C. 2929.11(B), which prohibits discrimination in felony sentencing, reads:
 {¶ 19} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimescommitted by similar offenders." (Emphasis added.)
 {¶ 20} Lloyd contends that, as his sentence is substantially severe in comparison to his co-defendants, and all three were involved in the same activity, his sentence violates R.C. 2929.11(B) and is not consistent with sentences imposed for similar crimes committed by his co-defendants.
 {¶ 21} There is no requirement that co-defendants receive equal sentences. A trial court possesses wide discretion to sentence felony offenders, provided it is within the purview of R.C. 2929.11(B).[6]
Thus, as long as an offender's sentence is consistent with sentences imposed for similar crimes committed by similar offenders, it is not discriminatory.
 {¶ 22} Pursuant to R.C. 2929.14(A)(2), a prison term for a second degree felony ranges from two to eight years. Lloyd was sentenced to six years on each of the six second degree felonies, to be served concurrently to each other. R.C. 2929.14(A)(3) states that a prison term for a third degree felony is from one to five years. Lloyd was sentenced to three years on each of the six second degree burglary felonies, to be served concurrently to each other. R.C. 2929.14(A)(5) requires that a prison term for a fifth degree felony range from six to twelve months. Lloyd was sentenced to eleven months on each of the eleven felonies of the fifth degree, to be served concurrently to each other. Lloyd was also sentenced to one year on each of the firearm specifications, a sentence mandatory under R.C. 2941.141. Therefore, it is clear from the statutory sentencing guidelines that Lloyd's sentence was within the permissible ranges for each of the offenses to which he pled.
 {¶ 23} Also of note is the fact that, although Lloyd asserts that his sentence is "substantially more severe" than that of his co-defendants, one co-defendant pled guilty to four felony counts, compared to Lloyd's twenty-three, and received six years imprisonment. The second co-defendant pled guilty to twenty-three counts, as did Lloyd, and was sentenced to ten years imprisonment. A comparison of ten years to the eleven-year, eleven-month sentence received by Lloyd cannot be deemed "substantial." Therefore, as the trial court properly adhered to the sentencing guidelines in imposing Lloyd's sentence, we find no error and Lloyd's second assignment of error is without merit.
 {¶ 24} The judgment of the trial court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and CYNTHIA WESTCOTT RICE, J., concur.
[1] State v. Wilson (June 23, 2000), 11th Dist. No. 99-L-026, 2000 Ohio App. LEXIS 2766, at *4.
[2] R.C. 2929.11(A).
[3] State v. Thomas (July 16, 1999), 11th Dist No. 98-L-074, 1999 Ohio App. LEXIS 3334, at *10.
[4] State v. Muhammad (Dec. 8, 2000), 11th Dist. No. 99-A-0080, 2000 Ohio App. LEXIS 5737, at *6.
[5] State v. Boland (2002), 147 Ohio App.3d 151, 161.
[6] State v. Newman, 11th Dist. No. 2002-A-0007, 2003-Ohio-2916, at ¶ 10.