OPINION
{¶ 1} Appellant, Michael Pillar, appeals the sentencing judgment of the Lake County Common Pleas Court. We affirm.
 {¶ 2} Appellant was indicted on thirty-nine counts and subsequently pled guilty to an amended indictment that included twenty-three charges. These charges were: one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, a second degree felony; five counts of burglary in violation of R.C. 2911.12(A)(2), second degree felonies, with two firearms specifications under R.C. 2941.141; six counts of burglary in violation of R.C. 2911.12(A)(2), third degree felonies; ten counts of theft in violation of R.C. 2913.02(A)(1), fifth degree felonies; and one count of receiving stolen property in violation of R.C. 2913.51(A), a fifth degree felony.
 {¶ 3} The trial court accepted appellant's plea and sentenced him to: five years for the charge of engaging in a pattern of corrupt activity and five years on each second degree felony burglary charges, with these terms to be served concurrently; three years for each third degree felony burglary charge to be served concurrently, but consecutively to the five year term for the second degree felony burglary charges and the charge of engaging in a pattern of corrupt activity; eleven months for each theft charge with the sentences to run concurrent with the other sentences; and one year for each firearms specification to be served prior to and consecutively with all other sentences. Appellant's total aggregate sentence is ten years.
 {¶ 4} Appellant filed a timely appeal of the trial court's sentencing entry and raises one assignment of error: "The trial court erred and abused its discretion by imposing consecutive sentences upon appellant."
 {¶ 5} We review a felony sentence de novo. State v. Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 WL 589271,[1] We will not disturb a sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id.
 {¶ 6} R.C. 2929.14(E)(4) provides:
 {¶ 7} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 8} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 9} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 10} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 11} Appellant argues that his age, the type of offenses he pled guilty to, and his cooperation, and his reason for committing the crimes, i.e., to support a drug habit militate against the imposition of consecutive sentences. We disagree.
 {¶ 12} The trial court found that appellant's criminal conduct caused a collective loss of over $100,000 to victims. The crimes involved theft of firearms. The crimes included eleven burglaries from July 17, 2001 to August 2, 2001, all the evidence indicates to support appellant's drug habit. While appellant was eighteen years of age at the time of the offenses, he has a history of involvement with the juvenile system.[1]
 {¶ 13} Appellant makes much of the fact that his crimes did not involve physical harm. However, this is irrelevant to the consideration of the imposition of consecutive sentences.
 {¶ 14} Finally, we note that the trial court complied with the requirements of State v. Comer (2003), 99 Ohio St.3d 463.
 {¶ 15} We cannot find, by clear and convincing evidence, that the trial court erred in imposing consecutive sentences. The financial harm caused by appellant's crimes was substantial. Further, the pre-sentence report indicates that appellant has a history of criminal conduct. Therefore, appellant's assignment of error is without merit and the judgment of the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
Donald R. Ford, P.J., and William M. O'Neill. J., Concur.
[1] In his brief appellant argues that the juvenile record listed in the pre-sentence report was not his but his brother's. Nothing in the record indicates that this is so. Further, appellant's trial counsel failed to raise this issue at the sentencing hearing in spite of the fact that the transcript of that hearing makes several references to the extensive juvenile record listed in the pre-sentence report. Thus, we are unable to consider this issue in the instant case.