OPINION
JUDGMENT: Affirmed
{¶ 1} Defendant-appellant Apolonio Lopez appeals the February 3, 2006 Judgment Entry of the Muskingum County Court of Common Pleas denying his petition for post-conviction relief. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On April 19, 2005, appellant entered a plea of guilty to one count of possession of drugs, methamphetamine, with both a major drug offender and forfeiture specification, a felony of the first degree; and one count of possession of drugs, marijuana, with a forfeiture specification, a felony of the third degree. The trial court accepted the pleas, deferring sentencing and ordering a presentence investigation.
 {¶ 3} At the time of appellant's guilty pleas, the trial court had appointed a translator for appellant at the State's expense.
 {¶ 4} On June 6, 2005, the trial court conducted a sentencing hearing. At the hearing, the trial court granted the State leave to nolle the major drug offender specification. The trial court sentenced appellant to eight years as to the first degree felony, and three years as to the third degree felony possession.
 {¶ 5} On January 26, 2006, appellant filed a motion for post-conviction relief. On February 3, 2006, the trial court, via Judgment Entry, denied appellant's petition for post-conviction relief.
 {¶ 6} Appellant now appeals, assigning as error:
 {¶ 7} "I. THE MUSKINGUM COUNTY COMMON PLEAS COURT VIOLATED DEFENDANT-APPELLANT'S SIXTH AMENDMENT RIGHT BY INCREASING PUNISHMENT ON FACTORS NOT SUBMITTED TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMITTED BY THE DEFENDANT-APPELLANT.
 {¶ 8} "II. DEFENDANT-APPELLANT IS A FIRST TIME OFFENDER UNDER OHIO REVISED CODE 2929.14(B), AND IS ENTITLED UNDER THE FOURTEENTH AMENDMENT
TO THE SHORTEST PRISON TERM AVAILABLE FOR THE OFFENSES FOR WHICH DEFENDANT-APPELLANT WAS CONVICTED.
 {¶ 9} "III. DEFENDANT-APPELLANT STATES THAT HE IS NO [SIC] A MULTI-STATE OFFENDER, HAVING NO OTHER FELONY CONVICTIONS OR PRISON TERMS, WHICH WAS A FACTOR USED BY THE TRIAL COURT TO ENHANCE DEFENDANT-APPELLANT'S SENTENCE.
 {¶ 10} "IV. DEFENDANT-APPELLANT ARGUES DISPARITY IN THE SENTENCE BETWEEN HIS CO-DEFENDANT IN STATE OF OHIO VS. CAROLYN SHEPHARD, CR2005-029(B), WHEN BOTH DEFENDANT-APPELLANT AND CO-DEFENDANT WERE CONVICTED OF THE SAME CRIMINAL VIOLATIONS.
 {¶ 11} "V. DEFENDANT-APPELLANT ARGUES THAT THE SPANISH/ENGLISH INTERPRETER AND TRANSLATOR WAS NOT AVAILABLE AT THE OUT-OF-COURT CONFERENCES HELD WITH HIS ATTORNEY, MR. KAIDO, WHICH DISALLOWED HIM TO HAVE A FULL UNDERSTANDING OF THE COURTROOM PROCEEDINGS.
 {¶ 12} "VI. DEFENDANT-APPELLANT'S SENTENCE IS CONSTITUTIONALLY INVALID AND HE REQUESTS TO BE RESENTENCED IN ACCORDANCE WITH THE RULE INBLAKELY V. WASHINGTON (2004) 124 S.CT. 2531, AND PURSUANT TO THE RULE INSTATE V. GOSTER, [SIC] OHIO ST. 3D, 2006-OHIO-856."
 I, II, VI {¶ 13} Appellant's first, second and sixth assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 14} The first, second, third, fourth, eighth and ninth counts of appellant's petition for post-conviction relief assert the invalidity of his sentence, citing Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531.
 {¶ 15} The Ohio Supreme Court recently ruled in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, that certain portions of Ohio's felony sentencing laws, R.C. 2929.14(B), 2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violate theSixth Amendment to the United States Constitution, pursuant toBlakely, supra and Apprendi v. New Jersey (2000), 530 U.S. 466. The court then held severance of the offending portions of the sentencing statute was the proper remedy, Foster, supra, and that the cases before the court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the court's opinion. Id. Consistent with the United States Supreme Court's holding in United States v. Booker (2005), 543 U.S. 220, the court inFoster only applied its holding retroactively to cases pending on direct review or not yet final. Id.
 {¶ 16} The United States Supreme Court has not made the decision inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403 retroactive to cases already final on direct review. This Court, as well as numerous other courts around the State, has foundBlakely does not apply retroactively to cases already final on direct review. State v. Craig, Licking App. No. 2005CA16, 2005-Ohio-5300;State v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998 (concludingBlakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55,2005-Ohio-6299 (concluding U.S. Supreme Court did not makeBlakely retroactive to cases already final on direct review).
 {¶ 17} Upon review of appellant's petition for post-conviction relief demonstrates the arguments made in counts one, two, three, four, eight and nine were capable of being raised on direct appeal from his sentence; therefore, res judicata applies.
 {¶ 18} Appellant's first, second and sixth assignments of error are overruled. III {¶ 19} In the third assignment of error, appellant maintains the trial court erred in finding he was a multi-state offender, with a prior prison record.
 {¶ 20} Appellant's petition for post-conviction relief does not identify new evidence supporting his claims, which were not in the record at the time of his plea. Appellant's self-serving, conclusory statements are not sufficient.
 {¶ 21} Accordingly, appellant's argument could have been raised on direct appeal from his sentence; therefore, the doctrine of res judicata applies.
 {¶ 22} The third assignment of error is overruled.
 IV {¶ 23} In his fourth assignment of error, appellant asserts his sentence is disproportionate to the sentence of his co-defendant. Appellant argues his co-defendant received a much lesser sentence based upon the same charges.
 {¶ 24} Appellant contends his sentence violates R.C. 2929.11(B). However, we note there is no requirement that co-defendants receive equal sentences. State v. Lloyd, 11th Dist. No. 2002-L-069,2003-Ohio-6417, at ¶ 21. A trial court has wide discretion to sentence felony offenders provided it is within the purview of R.C. 2929.11(B). Id. Therefore, as long as an offender's sentence is consistent with sentences imposed for similar crimes committed by similar offenders, it is not discriminatory.
 {¶ 25} To achieve the goal of consistency, it is not necessary that a specific crime always receive the exact same sentence. Consistency is a general goal of the statute; it is not a precise method of measurement. "There is no grid under Ohio law under which identical sentences must be imposed for various classifications of offenders. Instead, Ohio law offers a range of sentences so that divergent factors may be considered." State v. Turner, Cuyahoga App. No. 81449, 2003-Ohio-4933, at ¶ 39. Ohio law does not require identical sentences be imposed for co-defendants." State v. Rowland (May 11, 2001), Hamilton App. No. C-000592. Rather, the court may consider other factors in its decision.
 {¶ 26} In the case sub judice, appellant and his co-defendant were not similar offenders. At sentencing, the trial court cited appellant's prior record, whereas his co-defendant did not have a criminal history. The trial court further found appellant was not a U.S. citizen and U.S. Customs had a detainer on appellant. The court also noted appellant was a multi-state offender. Accordingly, the trial court followed the sentencing guidelines set forth by the General Assembly and the sentence was within the statutory limits. For these reasons, we will not interfere with the trial court's exercise of discretion.
 {¶ 27} Appellant's fourth assignment of error is overruled.
 V {¶ 28} In the fifth assignment of error, appellant asserts he does not speak or understand the English language; therefore, he could not defend himself or protect his constitutional rights. Appellant states he was lost in the courtroom proceedings, because his court appointed translator was not always present.
 {¶ 29} The record reflects the trial court appointed Isabel Framer as the Spanish/English interpreter and translator in this matter on March 2, 2005, at the Court's own cost. Additionally, appellant was represented by counsel at all phases of this proceeding. Appellant did not raise this issue upon changing his plea to guilty, but rather indicated to the Court he understood his rights and waived them and his right to trial. Accordingly, the assignment of error is overruled.
 {¶ 30} Based upon the above, the February 3, 2006 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed.
Hoffman, P.J., Farmer, J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the February 3, 2006 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.