OPINION *Page 2 
{¶ 1} Defendant-appellant Lafayette Davis appeals the June 13, 2006 Judgment Entry of the Richland County Court of Common Pleas denying his petition for post-conviction relief. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On July 23, 2001, appellant was convicted of one count of aggravated robbery with an attendant firearm specification. The trial court sentenced appellant to nine years on the aggravated robbery charge, and three years on the firearm specification, to be served consecutively.
 {¶ 3} Appellant filed a direct appeal. On May 15, 2002, this Court affirmed appellant's conviction.
 {¶ 4} On May 7, 2003, appellant applied to this Court to reopen his appeal. Appellant also filed an appeal with the Ohio Supreme Court. On June 25, 2003, the Supreme Court issued a judgment entry dismissing the appeal. This Court denied the application to re-open appellant's appeal.
 {¶ 5} On May 4, 2006, appellant filed a petition for post-conviction relief, citing State v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856. Via Judgment Entry of June 13, 2006, the trial court denied appellant's petition, finding Foster does not apply to a consecutive sentence imposed under R.C. 2929.14(D)(1) for a firearm specification, appellant had exhausted his direct appeal and Foster does not apply to cases already final on direct review, and appellant's petition was untimely because it was filed four years after the 180-day deadline set forth for the filing of post-conviction petitions.
 {¶ 6} Appellant now appeals, assigning as error: *Page 3 
 {¶ 7} "I. THE COURT ERRED BY DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WHEN THE DEFENDANT PROVED THAT POST CONVICTION WAS THE PROPER REMEDY, PETITION WAS TIMELY FILED, AND DEFENDANT PRESENTED PROVED GROUNDS OF SENTENCE BEING CONTARY [SIC] TO LAW, AND THEREFORE WAS A DUE PROCESS VIOLATION; AND BY SUCH DENIAL CREATES INEQUITY WHICH CONSTITUTED MANIFEST INJUSTICE."
 {¶ 8} Initially, we note appellant was sentenced under R.C.2929.14(D)(1)(a)(iii) based upon his attendant firearm specification. We agree with the Eleventh District Court of Appeals' decision in State v.Torres, 2006-Ohio-1877, finding Foster does not apply to sentences imposed pursuant to R.C. 2929.14(D)(1)(a)(iii) and R.C. 2941.141, as those sections do not require judicial fact-finding.
 {¶ 9} Secondly, appellant's direct appeal was final on June 25, 2003, after this Court denied his application to re-open his appeal. The Ohio Supreme Court denied his appeal. The United States Supreme Court has not made the decision in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 retroactive to cases already final on direct review. This Court, as well as numerous other courts around the State, has found Blakely does not apply retroactively to cases already final on direct review. State v. Lopez, Muskingum App. No. Ct2006-0014,2006-Ohio-6800; State v. Craig, Licking App. No .2005CA16,2005-Ohio-5300; State v. Myers, Franklin App. No. 05AP-228,2005-Ohio-5998 (concluding Blakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299 *Page 4 
(concluding U.S. Supreme Court did not make Blakely retroactive to cases already final on direct review).
 {¶ 10} Accordingly, as appellant's conviction and sentence is already final on direct review, we agree Foster is not applicable.
 {¶ 11} Finally, we agree with the trial court's finding appellant's petition was untimely. R.C. 2953.21(A)(2) provides:
 {¶ 12} "(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 13} Appellant's trial transcript was filed with this Court on November 8, 2001; therefore, the petition was required to be filed no later than May 7, 2002.
 {¶ 14} Appellant is not entitled to relief under 2953.23(A):
 {¶ 15} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A) (1 ) or (2) of this section applies:
 {¶ 16} "(1) Both of the following apply: *Page 5 
 {¶ 17} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 18} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 19} "(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71
to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death." *Page 6 
 {¶ 20} Foster did not create a new constitutional right and the Supreme Court's decision in Blakely does not apply retroactively. Therefore, the trial court did not err in denying appellant's petition for post-conviction relief as being untimely filed.[1]
 {¶ 21} The June 13, 2006 Judgment Entry of the Richland County Court of Common Pleas is affirmed.
 Hoffman, J. Gwin, P.J. and Farmer, J. concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Upon review of subsection (2) of the statute, we find the same not applicable to appellant's appeal. *Page 1