OPINION *Page 2 
{¶ 1} Defendant-appellant Matthew P. McIntyre appeals the June 26, 2006 Judgment Entry of the Muskingum County Court of Common Pleas which sua sponte resentenced him to a twenty-four year prison term. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On November 24, 2004, the Muskingum County Grand Jury indicted appellant on one count of felonious assault; one count of aggravated murder, with a firearm specification; two counts of murder, with a firearm specification; two counts of attempted murder, with a firearm specification; and one count of felonious assault with a firearm specification.
 {¶ 3} On May 5, 2005, appellant entered a plea of guilty to one count of felonious assault; one count of voluntary manslaughter, with a firearm specification; and one count of felonious assault, with a firearm specification.
 {¶ 4} On June 27, 2005, the trial court imposed a twenty-four year prison sentence, making findings required under R.C. 2929.11 and2929.12(D).
 {¶ 5} On February 3, 2006, the trial court denied appellant's petition for post-conviction relief.
 {¶ 6} On June 26, 2006, the trial court, sua sponte, conducted a resentencing hearing pursuant to the Ohio Supreme Court's decision inState v. Foster, 2006-Ohio-856. Following the sentencing hearing, the trial court imposed the identical sentence set forth in the initial sentencing judgment entry.
 {¶ 7} Appellant now appeals, assigning as error: *Page 3 
 {¶ 8} "I. DEFENDANT WAS SENTENCED UNCONSTITUTIONALLY WHEN HIS SENTENCE WAS ENHANCED BY FACTS FOUND BY A JUDGE BY A PREPONDERANCE OF EVIDENCE, AND SHOULD HAVE BEEN GRANTED POSTCONVICTION RELIEF.
 {¶ 9} "II. THE DENIAL OF DEFENDANT'S CONSTITUTIONAL RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS REPRESENTS "PLAIN ERROR" AND SHOULD BE RECOGNIZED BY THE COURT AS SUCH.
 {¶ 10} "III. THE TRIAL COURT ERRED UPON REMAND WHEN IT AWARDED DEFENDANT THE SAME SENTENCE THAT HAD BEEN RULED UNCONSTITUTIONAL BY THE TENTH DISTRICT APPELLATE COURT."
 I, II, and III {¶ 11} The assignments of error appellant sets forth raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 12} Appellant asserts the trial court erred in sua sponte resentencing him pursuant to State v. Foster, 2006-Ohio-856.
 {¶ 13} As noted in the statement of the case supra, on June 26, 2006 the trial court resentenced appellant imposing an identical twenty-four year prison sentence as the original sentence imposed on June 27, 2005. Appellant did not file an appeal from the original sentence. Appellant filed a petition for post-conviction relief, which was denied by the trial court on February 3, 2006. Accordingly, the record demonstrates appellant's conviction and sentence was final on direct review at the time the trial court resentenced appellant on June 26, 2006.
 {¶ 14} This Court has consistently held State v. Foster, supra, andBlakely v. *Page 4 Washington, (2004), 542 U.S. 296 do not apply to cases already final on direct review, and the Supreme Court has not otherwise directed to apply those cases retroactively. State v. Lopez, Muskingum App. No. CT2006-0014, 2006-Ohio-6800; State v. Davis, Richland App. No. 06-CA-63,2007-Ohio-923; State v. Craig, Licking App. No. 2005CA16,2005-Ohio-5300.
 {¶ 15} While we recognize the trial court's good faith effort to apply Ohio law, we find the trial court did not have jurisdiction to resentence appellant as the matter did not arise from the direct review of appellant's conviction and sentence.
 {¶ 16} The June 26, 2006 Judgment Entry of the Muskingum County Court of Common Pleas is vacated and appellant's original June 27, 2005 sentence is reimposed.[1]
By: Hoffman, J. Gwin, P.J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the June 26, 2006 Judgment Entry of the Muskingum County Court of Common Pleas is vacated and appellant's June 27, 2005 sentence is reimposed. Costs assessed to appellee.
[1] We recognize both the June 26, 2006 sentence and the original June 27, 2005 impose identical twenty-four year prison terms. *Page 1