OPINION
{¶ 1} Appellant, Pedro Torres, appeals from the May 23, 2006 judgment entry of the Lake County Court of Common Pleas, in which he was resentenced for engaging in a pattern of corrupt activity, burglary, and receiving stolen property.
 {¶ 2} On February 16, 2001, appellant was indicted by the Lake County Grand Jury on twenty-six counts: one count of engaging in a pattern of corrupt activity; nine counts of burglary, of which five carried a firearm specification; eight counts of theft; *Page 2 
seven counts of grand theft, of which five carried a firearm specification; and one count of receiving stolen property.[1] On February 21, 2001, appellant filed a waiver of the right to be present at his arraignment and the trial court entered a not guilty plea in his behalf.
 {¶ 3} On May 1, 2001, appellant withdrew his former not guilty plea and entered written and oral pleas of guilty to one count of engaging in a pattern of corrupt activity; five counts of burglary, of which four included a firearm specification; and one count of receiving stolen property. On May 4, 2001, the trial court accepted appellant's guilty plea and entered a nolle prosequi on the remaining counts.
 {¶ 4} A sentencing hearing was held on May 30, 2001. Pursuant to its June 5, 2001 judgment entry, the trial court sentenced appellant to serve one year for each of the firearm specifications, to be served consecutively to three-year sentences for each of the burglary convictions. The burglary sentences were to be served consecutively to each other and to a four-year sentence for the engaging in a pattern of corrupt activity conviction and a one-year sentence for the receiving stolen property conviction. Appellant's total prison term was twenty-four years. It was from that judgment that appellant filed his first appeal with this court, Case No. 2001-L-122, in which he asserted that the trial court erred by ordering consecutive sentences.
 {¶ 5} On April 11, 2003, this court reversed the judgment of the trial court, due to the trial court's failure to adequately state its reasons for imposing consecutive *Page 3 
sentences, and remanded the matter for resentencing. State v. Torres, 11th Dist. No. 2001-L-122, 2003-Ohio-1878.
 {¶ 6} Pursuant to this court's remand, on August 20, 2003, the trial court conducted a resentencing hearing, stating its reasons for imposing consecutive sentences. Appellant's subsequent cumulative sentence was identical to his initial sentence. Appellant was sentenced to serve one year for each of the firearm specifications, to be served consecutively to three-year sentences for each of the burglary convictions. The burglary sentences were to be served consecutively to each other and to a four-year sentence for the engaging in a pattern of corrupt activity conviction and a one-year sentence for the receiving stolen property conviction. Appellant's total prison term was twenty-four years. It was from that judgment that appellant filed his second appeal with this court, Case No. 2003-L-153, in which he asserted various sentencing issues.
 {¶ 7} On April 14, 2006, this court reversed the judgment of the trial court and remanded the matter for resentencing pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. State v. Torres, 11th Dist. No. 2003-L-153, 2006-Ohio-1877.
 {¶ 8} Pursuant to this court's remand, a resentencing hearing was held on May 17, 2006. In its May 23, 2006 judgment entry, the trial court sentenced appellant to one year for each of the firearm specifications, to be served consecutively to three-year sentences for each of the burglary convictions. The burglary sentences were to be served consecutively to each other and to a four-year sentence for the engaging in a pattern of corrupt activity conviction and a one-year sentence for the receiving stolen property conviction. Appellant's total prison term was twenty-four years. It is from that *Page 4 
judgment that appellant filed the present appeal asserting the following assignments of error:
 {¶ 9} "[1.] The trial court erred when it sentenced [appellant] to more-than-the-minimum prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 10} "[2.] The trial court erred when it sentenced [appellant] to consecutive prison terms in violation of [appellant's] right to due process.
 {¶ 11} "[3.] The trial court erred when it sentenced [appellant] to consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 12} "[4.] The trial court erred when it sentenced [appellant] to consecutive prison terms contrary to the rule of lenity.
 {¶ 13} "[5.] The trial court erred when it sentenced [appellant] to consecutive prison terms contrary to the intent of the Ohio legislators.
 {¶ 14} "[6.] The trial court violated appellant's rights to equal protection and due process of law under the Fifth andFourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B)."
 {¶ 15} We note that the identical issues contained in appellant's first through fifth assignments of error have been addressed by this court in State v. Elswick, 11th Dist. No. 2006-L-075,2006-Ohio-7011[2] Thus, based on our decision in Elswick, appellant's first through fifth assignments of error are without merit. *Page 5 
 {¶ 16} In his sixth assignment of error, appellant argues that the trial court violated his rights to equal protection and due process under the United States and Ohio constitutions when it sentenced him contrary to R.C. 2929.11(B). He presents two issues for our review. In his first issue, appellant contends that the trial court erred by imposing a sentence upon him which is not consistent to similarly situated criminals who committed similarly situated crimes. In his second issue, appellant alleges that the trial court erred when it ordered an aggregate sentence of twenty-four years which is not proportional to the crimes committed.
 {¶ 17} For ease of discussion, we will address appellant's two issues together.
 {¶ 18} In examining a felony sentence, an appellate court conducts a de novo review. R.C. 2953.08(G). However, "`[a] reviewing court will not disturb a defendant's sentence absent a finding, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law.'" State v. Bush, 11th Dist. No. 2005-P-0004, 2006-Ohio-4038, at ¶ 49, quoting State v. Lloyd, 11th Dist. No. 2002-L-069, 2003-Ohio-6417, at ¶ 6.
 {¶ 19} "R.C. 2929.11 and R.C. 2929.12, two key statutory provisions of Ohio's sentencing scheme, survive after Foster. Even though trial courts are no longer required to make specific findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences on the record, R.C. 2929.11 and R.C. 2929.12 must still be considered when sentencing offenders. * * *." Elswick, supra, at ¶ 53.
 {¶ 20} R.C. 2929.11 provides in part: *Page 6 
 {¶ 21} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 22} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 23} This court stated in State v. Adams, 11th Dist. No. 2003-L-110,2005-Ohio-1107, at ¶ 57, quoting State v. Newman, 11th Dist. No. 2002-A-0007, 2003-Ohio-2916, at ¶ 10:
 {¶ 24} "* * * although `a trial court is required to engage in the analysis set forth by R.C. 2929.11(B) to ensure the consistency of sentences,' a court is not required `to make specific findings on the record' in this regard." * * * The trial court possesses `broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines.'State v. Smith (June 11, 1999), 11th Dist. No. 98-P-0018, 1999 Ohio App. LEXIS 2632, at 8."
 {¶ 25} In State v. Swiderski, 11th Dist. No. 2004-L-112,2005-Ohio-6705, at ¶ 56-58, this court stated: *Page 7 
 {¶ 26} "[w]e agree with appellant that R.C. 2929.11(B) mandates consistency when applying Ohio's sentencing guidelines. See, e.g.,State v. Lyons, 8th Dist. No. 80220, 2002-Ohio-3424, at ¶ 30. Accordingly, `it is the trial court's responsibility to insure that it has the appropriate information before it when imposing sentence in order to comply with the purposes of felony sentencing.' Id. However, this court has reasoned that sentencing consistency is not developed via a trial court's comparison of the existing matter before the court to prior sentences for similar offenders and similar offenses. State v.Spellman, 160 Ohio App.3d 718, 2005-Ohio-2065, at ¶ 12 * * *. Specifically, we stated:
 {¶ 27} "`We agree with the rationale of the Lyons court, insofar as the trial court must adhere to the statutory mandate to ensure consistency in sentencing. However, we note, as that court did, that the trial court is required to make its sentencing decisions in compliance with the statute, but need not specifically comb the case law in search of similar offenders who have committed similar offenses in order to ascertain the proper sentence to be imposed.' Id.
 {¶ 28} "In short, a consistent sentence is not derived from a case-by-case comparison; rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency. * * *." (Parallel citation omitted.)
 {¶ 29} In its May 23, 2006 judgment entry, the trial court stated the following:
 {¶ 30} "The Court has also considered the record, oral statements, any victim impact statement, pre-sentence report and/or drug and alcohol evaluation submitted by the Lake County Adult Probation Department of the Court of Common Pleas, as well as *Page 8 
the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12
 {¶ 31} "In considering the foregoing, and for the reasons stated in the record, this Court finds that a prison sentence is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and that [appellant] is not amenable to an available community control sanction."
 {¶ 32} We note again that appellant pleaded guilty to seven of the twenty-six charges set forth in the indictment. Specifically, he pleaded guilty to engaging in a pattern of corrupt activity, a felony of the first degree; five counts of burglary, felonies of the second degree, four of which carried firearm specifications; and receiving stolen property, a felony of the fifth degree. Appellant was sentenced to four years for his first degree felony offense, within the range of three to ten years. R.C. 2929.14(A)(1). Appellant was sentenced to three years for each of his second degree felony offenses, within the range of two to eight years. R.C. 2929.14(A)(2). Appellant was sentenced to one year for his fifth degree felony offense, within the range of six to twelve months. R.C. 2929.14(A)(5). Appellant's sentences were to be served consecutively, for a total term of imprisonment of twenty-four years. Clearly, the trial court sentenced appellant within the statutory guidelines, after considering his extensive criminal history, his unfavorable response to previously imposed sanctions, and his high likelihood for future criminal and violent behavior.
 {¶ 33} We do not agree with appellant's contention that the trial court erred because his sentence is inconsistent with the sentence imposed upon one of his co-defendants, since "there is no requirement that co-defendants receive equal sentences." *Page 9 State v. Rupert, 11th Dist. No. 2003-L-154, 2005-Ohio-1098, at ¶ 11, citing Lloyd, supra, at ¶ 21. "* * * [W]hen there is a multiple codefendant situation and those co-defendants are essentially charged with the same crimes, what may seem to be a disparity in certain situations may not be a disparate sentence. This may occur when the records submitted in such cases provide a different table of review which may appropriately result in a varied sentence in a given case when evaluated according to the pertinent statutory criteria."Rupert at ¶ 13. Nothing in the record before us suggests that the difference in appellant's sentence from that of his co-defendant is a result of anything other than the individualized factors the court applied to appellant.
 {¶ 34} Also, we do not agree with appellant's allegation that the trial court erred because his sentence is inconsistent with the sentence imposed upon the defendants in Lloyd, supra, and State v. Pillar, 11th Dist. No. 2002-L-055, 2003-Ohio-6692. The crimes charged against both of the appellants in those cases are similar to those charged against appellant in the instant matter. However, Lloyd does not reveal the personal or criminal background of the appellant or the statutory criteria considered by the trial court when it imposed its sentence. Although Pillar does establish that the appellant had a criminal history, we do not believe that it presents enough evidence to support appellant's claim of an inconsistent sentence.
 {¶ 35} In addition, appellant contends that the trial court erred when it ordered an aggregate sentence of twenty-four years which is not proportional to the crimes committed. Appellant relies on State v.Drobiezewski, 6th Dist. No. H-02-002, 2002-Ohio-4471, to support his argument that his sentence is not proportional with others convicted of similar crimes in other jurisdictions. We note that appellant's reliance on *Page 10 Drobiezewski is misplaced because the appellant in that case, unlike appellant in the case sub judice, did not have a prior criminal history.
 {¶ 36} Appellant further asserts that his sentence is disproportionate when considered in light of the sentences given to those who commit crimes that are far graver. In support of his argument, appellant relies on State v. Adkins, 2d Dist. No. 2002 CA 113, 2003-Ohio-1571, focusing on the fact that someone convicted of rape would not even be eligible to be sentenced for the amount of time he has to serve. We disagree. The appellant in Adkins pleaded guilty to fifteen counts of rape with the understanding that he could be sentenced to ten years maximum for each count, totaling one hundred fifty years imprisonment. The appellant inAdkins was sentenced to the maximum sentence of ten years on each count, to run concurrently. The facts in Adkins do not provide an adequate table of review because there is no discussion regarding the appellant's criminal history or why the sentences were concurrent.
 {¶ 37} Appellant's sixth assignment of error is without merit.
 {¶ 38} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur.
[1] The charges arose out of various home break-ins that occurred over a span of four counties and included three other co-defendants. Appellant stole firearms, personal mementos, and a dog from one victim. The victims suffered serious psychological harm and expressed living in fear as a result of the offenses committed. At the time he committed the instant offenses, he had a least three active warrants out for him. Appellant committed crimes as a juvenile which continued into adulthood. His history of criminal convictions includes theft related offenses, crimes of violence, and several charges of burglary. He has not responded favorably to previously imposed sanctions. Also, psychological testing indicated a high risk for future criminal behavior, violence, and substance abuse problems.
[2] In Elswick, the appeal dealt with more than the minimum sentences. However, the same analysis applies to maximum and consecutive sentences. *Page 1