OPINION *Page 2 
{¶ 1} Appellant, Chad M. Morrison, appeals the June 30, 2006 Judgment Entry of the Muskingum County Court of Common Pleas which sua sponte resentenced him to a five-year prison term. The appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 11, 2005, the Muskingum County Grand Jury indicted appellant on one count of Trafficking in Drugs with a forfeiture specification, in violation of Ohio Revised Code Section 2925.03(A)(1), a felony of the third degree; one count of Possession of Drugs with a forfeiture specification, in violation of Ohio Revised Code Section2925.11(A), a felony of the first degree; one count of Possession of Drugs with a forfeiture specification, in violation of Ohio Revised Code Section 2925.11(A), a felony of the third degree; one count of Receiving Stolen Property, in violation of Ohio Revised Code Section 2913.51(A), a felony of the fourth degree; and one count of Permitting Drug Abuse, in violation of Ohio Revised Code Section 2925.13(B), a felony of the fifth degree.
 {¶ 3} On February 16, 2005, appellant appeared in court and pled "not guilty" to said indictment.
 {¶ 4} On April 25, 2005, appellant returned to court; withdrew his former pleas and entered pleas of "guilty" to all counts set forth in the indictment.
 {¶ 5} On June 6, 2005, the trial court imposed sentence. Appellant received twelve (12) months in prison on count one, five (5) years in prison on count two, four (4) years in prison on count three, twelve (12) months on count four, and twelve (12) *Page 3 
months on count five. The aggregate sentence was five (5) years. Further the trial court ordered forfeiture and payment of fines. Appellant did not file a direct appeal.
 {¶ 6} On October 25, 2005, appellant filed a Petition to Vacate Sentence. The trial court denied the Petition via Judgment Entry on December 30, 2005.
 {¶ 7} On February 8, 2006, appellant filed a Notice of Appeal from the Judgment Entry.
 {¶ 8} On February 21, 2006, this Court dismissed the appeal as untimely.
 {¶ 9} On June 26, 2006, the trial court, sua sponte, conducted a resentencing hearing pursuant to the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Following the sentencing hearing, the trial court imposed the identical sentence set forth in the initial sentencing judgment entry.
 {¶ 10} Appellant now appeals raising the following assignment of error:
 ASSIGNMENT OF ERROR {¶ 11} "I. FOSTER SEVERANCE REMEDY PERMITTING RE-SENTENCING UNDER AMENDED STATUTE VIOLATES EX-POST FACTO AND DUE PROCESS CLAUSES OF THE FEDERAL CONSTITUTION."
 I. {¶ 12} Appellant's sole assignment of error is moot because the trial court lacked jurisdiction to sua sponte re-sentence him. This Court addressed this issue in State v. McIntyre, Muskingum App. No. CT2006-0046, 2007-Ohio-1634.
 {¶ 13} As noted in the statement of the case supra, on June 26, 2006, the trial court resentenced appellant imposing an identical five-year prison sentence as the original sentence imposed on June 6, 2005. Appellant did not file an appeal from the *Page 4 
original sentence. Appellant filed a petition for post-conviction relief, which was denied by the trial court on December 30, 2005. Accordingly, the record demonstrates appellant's conviction and sentence was final on direct review at the time the trial court resentenced appellant on June 26, 2006.
 {¶ 14} This Court has consistently held State v. Foster, supra, andBlakely v. Washington, (2004), 542 U.S. 296 do not apply to cases already final on direct review, and the Supreme Court has not otherwise directed to apply those cases retroactively. State v. Lopez, Muskingum App. No. CT2006-0014, 2006-Ohio-6800; State v. Davis, Richland App. No. 06-CA-63, 2007-Ohio-923; State v. Craig, Licking App. No. 2005CA16,2005-Ohio-5300.
 {¶ 15} While we recognize the trial court's good faith effort to apply Ohio law, we find the trial court did not have jurisdiction to resentence appellant as the matter did not arise from the direct review of appellant's conviction and sentence.
 {¶ 16} The June 26, 2006 Judgment Entry of the Muskingum County Court of Common Pleas is vacated and appellant's original June 6, 2005, sentence is re-imposed.
Delaney, J. Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is vacated and appellant's original sentence is re-imposed. Costs assessed to appellee. *Page 1