DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, P.F., appeals his sentence for a probation violation arguing that he did not knowingly, intelligently and voluntarily waive his right to counsel at his adjudicatory hearing. We affirm.
 {¶ 2} This case began when P.F. was confined in Boys' Village, Village Network, after having been adjudicated delinquent for a sexually-oriented offense with a sibling. During his confinement, P.F. violated various rules at Boys' Village and a complaint was filed asserting that P.F. violated his probation. P.F. admitted to the probation violation charge and was adjudicated delinquent at a hearing before a magistrate on November 1, 2006. P.F. was fifteen years old at *Page 2 
this hearing. P.F.'s parents were in attendance, but P.F. was not represented by counsel. At the conclusion of the hearing, P.F. was ordered to remain in the Lorain County Juvenile Detention home pending the dispositional hearing.
 {¶ 3} On January 3, 2007, a dispositional hearing was held and subsequent thereto, the trial court issued an order requiring P.F. to write a letter of apology to Village network, to make restitution, and to pay costs. P.F. was represented by counsel at this hearing. P.F. appealed the trial court's January 3, 2007 order but this Court dismissed the appeal for lack of a final appealable order holding that the trial court failed to include the amount of restitution in its order.
 {¶ 4} On July 31, 2007, the trial court reissued its January 3, 2007 order, which included an indication that P.F. was obliged to pay $0 in restitution. P.F. timely appealed the trial court's July 3, 2007 order and raises one assignment of error.
 Assignment of Error "The trial court erred in violation of the Due Process Clause of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article One, Section Ten and Sixteen of the Ohio Constitution, R.C. 2151.352, Juv.R. 4(A) and Juv.R. 29(B) when the trial court accepted a waiver of counsel from the alleged delinquent child without a meaningful colloquy between the court and the alleged child in order to determine whether the waiver was knowingly, intelligently or voluntarily given."
 {¶ 5} P.F. asserts that he did not properly waive his right to counsel at the November 1, 2006 adjudicatory hearing. P.F. maintains that any waiver was ineffectual and in violation of P.F.'s right to due process because of the "cursory *Page 3 
manner in which the juvenile court informed [P.F.] about his right to counsel, and the absence of any examination by the court regarding the effects of his waiver." P.F. further argues that his waiver was ineffectual because "the magistrate did not conduct an inquiry exercising the close scrutiny to the juvenile's age, emotional stability, mental capacity, and prior criminal experience sufficient to determine whether [P.F.'s] waiver was knowing, intelligent, and voluntary [sic] given as required by the Supreme Court."
 {¶ 6} R.C. 2151.352 sets forth a juvenile's right to counsel and states that, "[i]f a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person." This Court has held that Juv.R. 29, which governs adjudicatory hearings, is inapplicable to probation violation hearings.In re L.A.B., 9th Dist. No. 23309, 2007-Ohio-1479, at ¶ 7, discretionary appeal allowed, 2007-Ohio-3799; In re Rogers (May 23, 2001), 9th Dist. No. 20393, at *1. Instead, Juv.R. 35 shall be applied to such hearings.L.A.B. at ¶ 7.
 {¶ 7} Juv.R. 35(B) states:
 "The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv.R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified." *Page 4 
 {¶ 8} Juv.R. 4(A) states that "[e]very party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent * * * when a person becomes a party to a juvenile court proceeding."
 {¶ 9} In In re K.E.M., 9th Dist. No. 23611, 2007-Ohio-5031, we stated that, "Juv.R. 3 permits a juvenile to waive the right to counsel with permission of the court in most proceedings. Before the juvenile court may permit such waiver of counsel, however, it has a duty to inquire to determine that the relinquishment is of `a fully known right' and has been made knowingly, intelligently and voluntarily." Id. at ¶ 11, citingGault (1967), 387 U.S. 1, 42. "The Gault court held that a juvenile facing a loss of liberty by way of commitment is entitled to the same right to counsel as his adult counterpart." K.E.M. at ¶ 11, citingGault at 35.
 {¶ 10} In L.A.B., as in this matter, the juvenile waived the right to counsel and admitted to a probation violation. Upon review, this Court held that the magistrate in L.A.B. met the requirements of Juv.R. 35(B) when "the magistrate instructed the juvenile of the right to appointed counsel as well as her right to call and cross-examine witnesses."L.A.B. at ¶ 8, citing Rogers at *2. As we noted in L.A.B., "this Court held that the juvenile court was not required to advise the juvenile that he had a right to present evidence at the probation revocation hearing." Id. at ¶ 8, citing In Re Motley (1996), 110 Ohio App .3d 641, 642. Given our holdings in L.A.B., Rogers, Motley, and the provisions of Juv.R. 35(B), "`the *Page 5 
juvenile court here was obliged only to advise [P.F.] that [he] had the right to counsel, and if appropriate, to have counsel appointed at the state's expense.'" L.A.B. at ¶ 8, quoting Rogers, supra, at *2.
 {¶ 11} We note that Appellant urges us to utilize the analysis on this issue set forth by the Supreme Court of Ohio in In Re C.S.,115 Ohio St.3d 267, 2007-Ohio-4919. We decline to do so because C.S. addressed a delinquency proceeding, analyzed under Juv.R. 29, and did not involve a probation violation, analyzed under Juv.R. 35(B).
 {¶ 12} Reviewing the hearing transcript, it is clear that the magistrate more than met the requirements of Juv.R. 35(B) and that P.F. knowingly, intelligently, and voluntarily waived his right to counsel. P.F. appeared at the hearing with both parents. P.F. admitted to violating his probation without representation after being advised by the magistrate as follows:
 "The Magistrate: * * * [B]ecause this is an official hearing, you have the same constitutional rights that everyone else has in official hearings and I want to review those with you. Do you understand that you have the right to be represented by a lawyer at all hearings and to have a lawyer appointed at no cost[?]
 "The Juvenile: Yes.
 * * *
 "The Magistrate: Do you understand that you have a legal right to a trial, which carries the right to have witnesses testify on your behalf and to question all witnesses, to challenge and present evidence, to remain silent, which means that no one can force you to testify against yourself and the right to have your case proven beyond a *Page 6 
reasonable doubt. Those are your legal rights. Do you have any questions about them for me?
 "The Juvenile: No.
P.F. and his parents then signed a "purple sheet"[1] indicating that P.F.'s rights were read to them and that they understood them. The magistrate noted that "by signing this form, you are not waiving any right."
 {¶ 13} The Magistrate then described the conduct that violated P.F.'s probation and the charges against him and P.F. indicated that he understood the charges. The magistrate then described the possible consequences P.F. would face if he was convicted of the charges. Once again, P.F. indicated that he understood the possible consequences. C.f.In re Collins (Sept. 27, 1995), 9th Dist. No. 2365-M. The magistrate then stated:
 "The Magistrate: Do you have any questions about the possible consequences you're facing?
 "The Juvenile: No.
 "The Magistrate: And you understand the charge against you?
 "The Juvenile: Yes.
 "The Magistrate: Do you want an attorney to represent you? Why don't you talk to your parents a little bit. *Page 7 
 "The Juvenile: No."[2]
The magistrate also asked the parents if they would like counsel appointed for them, which they declined. The magistrate noted that P.F. and his parents waived their rights to counsel.
 {¶ 14} The magistrate asked P.F. to describe why he was at the hearing and P.F. responded appropriately. The magistrate then described the nature of a dispositional hearing and the sentencing procedure and asked if P.F. voluntarily and without influence of drugs, alcohol, medication, threats or promises, was admitting to the charges. P.F. responded that he was. The magistrate then accepted P.F.'s admission, adjudicated him delinquent, and set a date for a dispositional hearing before the trial court, at which P.F. was represented by counsel.
 {¶ 15} We find that the magistrate's colloquy meets the requirements set forth in Juv.R. 35(B), and our holdings in K.E.M., L.A.B., Rogers,Collins and Motley. The trial court informed P.F. of the charge against him, advised P.F. of his right to counsel and that counsel could be appointed for him if he could not afford it and asked if P.F. knowingly, intelligently, and voluntarily waived that right. Accordingly, the trial court did not err by overruling P.F.'s objections and *Page 8 
adopting the decision of the magistrate.
 {¶ 16} P.F.'s assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
DICKINSON, J. CONCURS
[1] The "purple sheet" is described by the Appellee as a form "containing a detailed listing of [P.F. and his parents'] legal rights." The form itself is not in the record. Neither party is contesting the existence or content of the "purple sheet" and it does not appear, based on the briefs and the record related to the "purple sheet," that it was intended to be a waiver of any right.
[2] Several times during the hearing, the magistrate asked P.F. and/or his parents if they would like to confer, which they declined to do. The magistrate sua sponte recessed the hearing to allow P.F. and his parents to review a copy of the complaint and the "purple sheet." *Page 9