OPINION
{¶ 1} Appellant, Justin D. Rupert, appeals from the September 5, 2003 sentencing entry of the Lake County Court of Common Pleas.
 {¶ 2} On June 13, 2001, appellant was charged by way of information with eight counts of robbery, in violation of R.C. 2911.02(A), felonies of the second degree. On June 15, 2001, he entered a written plea of guilty to the charges. In an entry dated June 19, 2001, the trial court accepted the guilty plea and deferred sentencing to a later date so that the matter could be referred to the Lake County Adult Probation Department for a presentence investigation report, drug and alcohol evaluation, and victim impact statements. A sentencing hearing was held on August 9, 2001. In an entry dated August 15, 2001, the trial court sentenced appellant to two years on each of the first seven counts to be served consecutively to each other, and a term of two years on the eighth count to be served concurrently to the other, for a total of fourteen years. Appellant appealed from that entry. On appeal, we reversed and remanded the matter to the trial court and stated that "in terms of the record, the trial court did not fully comply with the mandate of R.C.2929.19(B)(2)(c) and erred in imposing consecutive sentences." State v.Rupert, 11th Dist. No. 2001-L-169, 2002-Ohio-7268, at ¶ 15,
 {¶ 3} The trial court held a re-sentencing hearing on August 22, 2003. In an entry dated September 5, 2003, the trial court sentenced appellant to two years on each of the first seven counts to be served consecutively to each other, and a term of two years on the eighth count to be served concurrently with counts one through seven, for an aggregate term of fourteen years. It is from that entry appellant timely filed the instant appeal and now presents the following assignments of error for our review:
 {¶ 4} "[1.] The trial court violated appellant's rights to equal protection and due process of law under the Fifth andFourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I, of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B).
 {¶ 5} "[2.] The trial court ruled contrary to law when it ordered [consecutive] sentences.
 {¶ 6} "[3.] The trial court erred when it sentenced [appellant] to more than the minimum prison term and consecutive sentences based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] state and federal constitutional rights to a trial by jury."
 {¶ 7} In the first assignment of error, appellant claims that the trial court erred when it imposed a sentence upon him that was not consistent with similarly situated criminals who committed similarly situated crimes. Appellant also alleges that the fourteen-year sentence is not proportional to the crimes committed.
 {¶ 8} Appellant pled guilty to eight robbery counts and received an aggregate sentence of fourteen years. One of appellant's co-defendants, his brother, was also sentenced on eight robbery counts and received a total prison term of fourteen years. The second co-defendant was sentenced on seven robbery counts and received a seven-year sentence.[1]
Appellant cites R.C. 2929.11(B) in support of his contention.
 {¶ 9} R.C. 2929.11(B) prohibits discrimination in felony sentencing and reads:
 {¶ 10} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 11} Appellant contends that, since his sentence was harsh in comparison to his co-defendants and all three were involved in the same activity, his sentence violates R.C. 2929.11(B) and is inconsistent with sentences imposed for similar crimes committed by his co-defendants. However, we note that there is no requirement that co-defendants receive equal sentences. State v. Lloyd, 11th Dist. No. 2002-L-069, 2003-Ohio-6417, at ¶ 21. A trial court has wide discretion to sentence felony offenders provided it is within the purview of R.C. 2929.11(B). Id. Therefore, as long as an offender's sentence is consistent with sentences imposed for similar crimes committed by similar offenders, it is not discriminatory.
 {¶ 12} Pursuant to R.C. 2929.14(A)(2), a prison term for a second degree felony ranges from two to eight years. Appellant was sentenced to two years each on seven second degree felonies to be served consecutively with each other, and two years on one second degree felony to be served concurrently to the others. Hence, it is clear from the statutory sentencing guidelines that appellant's sentence was within the permissible ranges for each of the offenses to which he pled.
 {¶ 13} We further note that appellant asserts that his sentence is more "harsh" than his co-defendants as one co-defendant pled guilty to seven felony counts, compared to appellant's eight, and received seven years imprisonment, and the other co-defendant pled guilty to eight counts and was sentenced to fourteen years imprisonment, as was appellant. It is our position that when there is a multiple codefendant situation and those co-defendants are essentially charged with the same crimes, what may seem to be a disparity in certain situations may not be a disparate sentence. This may occur when the records submitted in such cases provide a different table of review which may appropriately result in a varied sentence in a given case when evaluated according to the pertinent statutory criteria. Accordingly, we conclude the trial court properly adhered to the sentencing guidelines in imposing appellant's sentence. Appellant's first assignment of error is without merit.
 {¶ 14} Under the second assignment of error, appellant contends that the trial court erred in sentencing him to consecutive terms because the trial court failed to state the reasons as required by R.C.2929.19(B)(2)(c) and because the trial court misapplied the factors pursuant to R.C. 2929.14(E)(4).
 {¶ 15} A reviewing court will not reverse a sentence unless an appellant demonstrates that the trial court was statutorily incorrect or that it abused its discretion by failing to consider sentencing factors.State v. Chapman (Mar. 17, 2000), 11th Dist. No. 98-P-0075,2000 WL 286684, at 10. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157. An appellate court may modify or vacate a sentence if it is contrary to law. R.C. 2953.08(G)(2). When the trial court does not sufficiently state reasons for the consecutive sentences, the matter should be remanded to the trial court for clarification. See, generally, State v. Jones (2001), 93 Ohio St.3d 391, 400.
 {¶ 16} Before imposing consecutive sentences, a trial court must make the findings contained in R.C. 2929.14(E)(4) on the record. State v.Fitzpatrick (Dec. 1, 2000), 11th Dist. No. 99-L-164, 2000 WL 1774139, at5. First, the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Second, the trial court must decide that one of the other factors listed in R.C. 2929.14(E)(4) also exists: (a) the offender was awaiting trial or sentencing or was under community control sanction, (b) the harm caused by the offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the conduct, or (c) the offender's history of criminal conduct proves that consecutive sentences are needed to protect the public from future crime. State v. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 WL 635951, at 4.
 {¶ 17} If a trial court merely asserts that it has reviewed the provisions in R.C. 2929.14, that alone, is not a sufficient finding on the record of the court's reasoning relative to the statutory factors for imposing a particular sentence. Fitzpatrick, supra, at 5. The findings mandated by R.C. 2929.14 and the reasons supporting those findings must be made at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 20.
 {¶ 18} Furthermore, when consecutive sentences are imposed under R.C.2929.14(E)(4), the trial court must also follow the requirements of R.C.2929.19(B)(2)(c), which states that the trial court justify the imposition of consecutive sentences:
 {¶ 19} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 20} "* * *
 {¶ 21} "(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences[.]"
 {¶ 22} Here, the trial court satisfied the initial requirement of R.C. 2929.14(E)(4) by finding in its judgment entry and at the sentencing hearing that consecutive sentences were necessary to protect the public from future crime or to punish appellant, and were not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public. The court also met the second requirement under R.C. 2929.14(E)(4) because it stated that "the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense." See R.C. 2929.14(E)(4)(b).
 {¶ 23} However, the trial court must also justify the imposition of consecutive sentences as required by R.C. 2929.19(B)(2)(c). At the re-sentencing hearing, the court explained that it considered the record, the oral statements, the victim impact statements, the presentence report, the drug and alcohol and psychological evaluation, the statement of appellant and his counsel, the transcript from the first sentencing hearing, and our opinion. The trial court judge states that he had balanced the seriousness and recidivism factors. The lower court found that the victims in this matter suffered serious psychological and economic harm. He proceeded to say that:
 {¶ 24} "* * * [P]ursuant to [R.C.] 2929.14(E)(4), (A) through (C), [the court] does find that consecutive sentences are necessary to protect the public and to punish the offender. The [c]ourt does find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger he poses. And, the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense. Now, this is the part where the Court of Appeals felt that I was inadequate or inarticulate. I have reasons in addition to those already stated. This was an organized crime spree. There were eight separate robberies. These were all crimes of violence. There were two robbers each time plus the get-a-way driver. [Appellant] was the get-a-way driver in probably six, maybe seven, of these instances. However, during the sentencing hearing on August 9, 2001 — I believe [one of the victims] came into court and positively identified [appellant] as the individual holding a gun to her * * *. [The] robbers * * * wore masks; they were screaming; they had what appeared to be a gun; they were making the victims believe that they had a firearm and [would] harm them for their money. They were robbing businesses. Each one of these was also a business, which makes the employees refuse to work, the customers reluctant to patronize — causing the community to live in fear because of widespread publicity * * *. The businesses suffered economic losses in excess of the monetary theft itself. * * * These robberies occurred in multiple jurisdictions[.] * * * There were ten persons victimized, not — not eight. * * * This has a lasting emotional trauma to the victims. These occurred over a twenty-four day period. Each case is a separate deliberate act — not a continuing course of conduct in the completion of any one crime. This was not the product of mental illness. According to Dr. Fabian, [appellant] is a moderate risk for violent re-offense, and that is one of my findings on making recidivism more likely.
 {¶ 25} "* * *
 {¶ 26} "* * * I also find that [appellant] committed the worst form of the offense of robbery. * * * [Appellant] here, did more than attempt a theft; he achieved a theft. [He] did more than threaten the victim to inflict physical harm. They used what the victim believed to be a firearm. * * * I believe that unless [appellant] was stopped when he was, he would have continued to rob * * *."
 {¶ 27} Based on the foregoing colloquy, it is our view that the trial court supported its findings pursuant to the requirements of R.C.2929.19(B)(2)(c), which requires the trial court to provide reasons why consecutive sentences were imposed. We conclude that the lower court made all of the statutory findings and developed the underlying facts as they relate to the statutory factors. Thus, in terms of the record, the trial court fully complied with the mandates of R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c) in imposing consecutive sentences. Appellant's second assignment of error is meritless.
 {¶ 28} For the third assignment of error, appellant argues that his constitutional rights were violated because he was given sentences that were more than the minimum prison term and consecutive sentences based on findings of fact that appellant did not admit to and were not found by a jury.
 {¶ 29} In Blakely v. Washington (2004), 124 S.Ct. 2531, the defendant pleaded guilty to kidnapping involving the use of a firearm, a class B felony. In the state of Washington, the statutory maximum for a class B felony is ten years. Yet, other provisions of Washington's law limited the range of sentences a judge could impose. Hence, the "standard" statutory range for the offense the defendant was convicted of was forty-nine to fifty-three months. Although the guidelines set forth the "standard" sentence, a court could increase the "standard" sentence if it found any of a nonexhaustive list of aggravating factors justifying the departure. In Blakely, the trial court determined the defendant acted with "deliberate cruelty" and imposed a ninety-month sentence, which was a thirty-seven month upward departure from the "standard."
 {¶ 30} The United States Supreme Court reversed the sentence holding that a trial court may not extend a defendant's sentence beyond the statutory maximum when the facts supporting the enhanced sentence are neither admitted by the defendant or found by the jury. Id. at 2537. The Court emphasized that the statutory maximum is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the juryverdict or admitted by the defendant." Id. (Emphasis sic.)
 {¶ 31} Here, appellant pleaded guilty to eights counts of robbery, felonies of the second degree. Appellant's plea reveals that he agreed to a sentence anywhere from two to eight years of imprisonment for each count. The trial court imposed a term of two years for counts one through seven to be run consecutively and two years on count eight to be run concurrently with counts one through seven.
 {¶ 32} R.C. 2929.14(B) states:
 {¶ 33} "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 34} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 35} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 36} In the case sub judice, appellant was neither serving a prison term at the time of the offense nor had he served a previous prison term. Thus, to support an upward departure from the statutorily minimum two year sentence, the trial court had to find that the shortest prison term would demean the seriousness of appellant's conduct or not adequately protect the public from future crime.
 {¶ 37} Appellant contends the statute prescribes a two-year term of imprisonment as long as he was not serving a prison term at the time of the offense or had not previously served a prison term. To overcome this presumption, the court must engage in a fact-finding process. The facts permitting the upward departure, however, were neither admitted by appellant nor charged in the indictment; by implication, the R.C. 2929.14(B) facts were not reflected in the judgment. Appellant concludes R.C.2929.14(B) violates Blakely and, therefore, he is entitled to a two-year sentence.
 {¶ 38} Appellant's argument suggests that Blakely acts to completely eliminate sentencing discretion. Yet, Blakely, supra, at 2540, indicates that a sentencing judge may exercise his or her discretion to the extent that doing so does not impinge upon the "jury's traditional function of finding the facts essential to lawful imposition of the penalty." Due Process "requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged." Patterson v. New York (1977), 432 U.S. 197, 210. As a criminal defendant has never enjoyed a Sixth Amendment right to jury sentencing, the penalty phase of a criminal trial does not implicate the full panoply of rights guaranteed by due process. See State ex rel. Masonv. Griffin, 104 Ohio St.3d 279, 2004-Ohio-6384, at ¶ 15-16. Thus, judicial fact-finding in the course of selecting a sentence within the authorized range does not implicate the indictment, jury-trial, and reasonable doubt components of the Fifth and Sixth Amendments. Harris v.United States (2002), 536 U.S. 545, 558.
 {¶ 39} We note that "[l]egislative bodies do not have the unfettered discretion to lessen the government's burden of proof of a criminal charge simply by characterizing a factor as a penalty consideration rather than an element of the offense." United States v. Rigsby (1991),943 F.2d 631, 641. However, not every fact with a bearing on sentencing must be found by a jury. Jones v. United States (1999), 526 U.S. 227, 248. Since the inception of sentencing ranges, judges have regularly considered uncharged factors, whether aggravating or mitigating, that, while increasing the defendant's punishment, have not transcended the limits of the specified punishment under the law. Harris, supra, at 562.
 {¶ 40} "`* * * Where the law permits the heaviest punishment, on a scale laid down, to be inflicted, and has merely committed to the judge the authority to interpose its mercy and inflict a punishment of a lighter grade, no rights of the accused are violated though in the indictment there is no mention of mitigating circumstances. The aggravating circumstances spoken of cannot swell the penalty above what the law has provided for the acts charged against the prisoner, and they are interposed merely to check the judicial discretion in the exercise of the permitted mercy. This is an entirely different thing from punishing one for what is not alleged against him.'" Harris, supra, at 561-562, citing Bishop, Criminal Procedure, section 85, at 54.
 {¶ 41} Because the factors in question fit within this description, the General Assembly's choice to entrust them to the judge does not improperly trespass on a defendant's Sixth Amendment right to a jury trial. Id.
 {¶ 42} The General Assembly has made it clear that the R.C.2929.14(B)(2) findings in question are sentencing factors. Upon his plea, appellant was subject by law to a sentence of between two and eight years on each count. Through the guidance of certain statutorily denoted "aggravating" circumstances, the court sentenced appellant to seven two-year terms, to be run consecutively to each other, and one two-year term to run concurrently with the others. For the foregoing reasons, it is our view that appellant is not entitled to have these facts charged, heard by a jury, and proved beyond a reasonable doubt.
 {¶ 43} It is further our position that the imposition of consecutive sentences does not violate the rule set forth in Blakely.
 {¶ 44} According to Apprendi v. New Jersey (2000), 530 U.S. 466, 490, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.) However, when a defendant pleads guilty, the state is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial fact finding. Id. at 488.
 {¶ 45} Blakely refined the Apprendi rule when it held that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdictor admitted by the defendant." (Emphasis sic.) Blakely, supra, at 2537.
 {¶ 46} Appellant argues that his consecutive sentences went beyond the statutory maximum for Apprendi purposes because the trial court made factual findings under R.C. 2929.14(E)(4) to support the imposition of consecutive sentences. Appellant concludes that because he neither admitted these additional facts nor were they found by a jury, his constitutional right to trial by jury was violated.
 {¶ 47} Blakely and Apprendi are distinguishable from this case, as they deal with sentencing for a single crime. Ohio courts have consistently held Apprendi does not apply to consecutive sentences as long as the sentence does not exceed the statutory maximum for each individual underlying offense. See State v. Carter, 6th Dist. No. L-00-1082, 2002-Ohio-3433, at ¶ 25 (holding appellant's two eight-year consecutive sentences for rape did not violate Apprendi because each sentence was within the ten-year statutory range for a single offense.) Accord, State v. Gambrel (Feb. 2, 2001), 2d Dist. No. 2000-CA-29,2001 WL 85793, at 4; State v. Brown, 2d Dist. No. 18643, 2002-Ohio-277,2002 WL 91088, at 5 (maximum sentence); State v. Wilson (Oct. 25, 2002), 6th Dist. No. L-01-1196, 2002-Ohio-5920. Federal courts have also held consecutive sentences do not conflict with Apprendi. See United Statesv. Wingo (C.A.6, 2003), Case No. 01-1669, 2003 U.S. App. LEXIS 18828, at 12; United States v. Sauceda (C.A.6, 2002), Case No. 01-2340, 2002 U.S. App. LEXIS 19118, at 3-4. Nothing in Blakely changes this rule.
 {¶ 48} In this case, appellant's individual sentences are each less than the statutory maximum. Thus, Blakely does not apply to appellant's sentence. State v. Taylor, 11th Dist. No. 2003-L-165, 2004-Ohio-5939. Accordingly, as applied to the matter at hand, Ohio's sentencing scheme is not unconstitutional in light of Apprendi and Blakely. Appellant's third assignment of error is without merit.
 {¶ 49} For the foregoing reasons, appellant's assignments of error are not welltaken. The judgment of the Lake County Court of Common Pleas is affirmed.
Grendell, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] Originally the second co-defendant received a fourteen-year prison sentence. However, on appeal, we modified the sentence to seven years. See State v. Earle, 11th Dist. No. 2001-L-159, 2002-Ohio-4510, at ¶ 18.