OPINION
{¶ 1} Appellant, James Martin, appeals from the judgment of the Trumbull County Court of Common Pleas, sentencing him to a six year prison term, more than the minimum, for complicity to aggravated robbery, in violation of R.C. 2923.03. We vacate the sentence, and remand this matter for resentencing.
 {¶ 2} On September 12, 2001, appellant was charged with complicity to aggravated robbery, a felony of the first degree in violation of R.C. 2923.03(A)(2) and (F), 2911.01(A) and (C), with a firearm specification, in violation of R.C. 2941.145. Appellant entered a plea of not guilty and the matter proceeded to trial. On May 21, 2002, the jury entered a guilty verdict on the charges.
 {¶ 3} On July 18, 2002, a sentencing hearing was held. The trial court sentenced appellant to a seven year sentence for the complicity to aggravated robbery, and the mandatory three year sentence on the firearm. Appellant filed an appeal with this court, which was granted and the matter was remanded to the trial court for resentencing with new counsel. On January 13, 2005, the court conducted a resentencing hearing and sentenced appellant to a six year prison term for the underlying offense, and three years on the firearm specification, to be served consecutively, for a total of nine years. The court found that the shortest prison term would demean the seriousness of appellant's conduct and not adequately protect the public from future crimes, pursuant to R.C. 2929.14(B). Appellant filed a motion for leave to file a delayed appeal on April 14, 2005, which was granted by this court on June 16, 2005. Appellant asserts the following sole assignment of error:
 {¶ 4} "The trial court's imposition of a sentence greater than the minimum term permitted by statute based upon findings not made by a jury nor admitted by appellant is contrary to law and violates appellant's right to a trial by jury and due process, as guaranteed by the sixth and fourteenth amendments to the United States Constitution."
 {¶ 5} In sentencing appellant, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's assignment of error is with merit.
 {¶ 6} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court held that R.C. 2929.14(B) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey
(2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296.
 {¶ 7} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B). After severance, judicial factfinding is not required before imposing a sentence within the basic ranges authorized by R.C. 2929.14(A) based on a jury verdict or admission of the defendant. Foster at paragraph two of the syllabus.
 {¶ 8} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 9} The sentence of the Trumbull County Court of Common Pleas is vacated. This matter is remanded for resentencing and for proceedings consistent with this opinion pursuant toFoster.
Diane V. Grendell, J., Cynthia Westcott Rice, J., concur.