OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Justin D. Rupert, appeals the judgment of the Lake County Court of Common Pleas. On resentencing, the trial court sentenced Rupert to a total of 14 years in prison.
 {¶ 2} In June 2001, Rupert was charged by way of information with eight counts of robbery, in violation of R.C. 2911.02(A)(2), all second-degree felonies. Rupert pled *Page 2 
guilty to all eight charges. The trial court sentenced Rupert to two-year prison terms on each conviction. Seven of the sentences were ordered to be served consecutively to one another, and the final two-year prison term was ordered to be served concurrently with the other seven. Thus, Rupert's aggregate sentence was 14 years.
 {¶ 3} Rupert appealed the trial court's sentence to this court. This court reversed the trial court's sentencing entry and remanded the matter for resentencing, due to the trial court's failure to comply with former R.C. 2929.19(B)(2)(c) when imposing consecutive sentences.[1]
 {¶ 4} The trial court resentenced Rupert to an identical, aggregate, 14-year prison sentence, consisting of eight two-year prison sentences, with seven of the sentences ordered to be served consecutively. Rupert appealed this judgment entry to this court, arguing, in part, that the trial court used factual findings to support its imposition of consecutive sentences, which did not comply with the United States Supreme Court's decision in Blakely v. Washington[2] This court disagreed and affirmed the judgment of the trial court.[3] Rupert appealed this court's judgment to the Supreme Court of Ohio. The Supreme Court of Ohio reversed the decision of this court regarding theBlakely issue and remanded the matter to the trial court for a new sentencing hearing pursuant to its prior decision in State v.Foster[4] *Page 3 
 {¶ 5} Following the remand from the Supreme Court of Ohio, the trial court again sentenced Rupert to an identical, aggregate, 14-year prison sentence, consisting of eight two-year prison sentences, with seven of the sentences ordered to be served consecutively. Rupert has appealed the trial court's most recent resentencing judgment entry to this court, raising the following assignments of error:
 {¶ 6} "[1.] The trial court erred when it sentenced the defendant-appellant to consecutive prison terms in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.
 {¶ 7} "[2.] The trial court erred when it sentenced the defendant-appellant to consecutive prison terms in violation of defendant-appellant's right to due process.
 {¶ 8} "[3.] The trial court erred when it sentenced the defendant-appellant to consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ 9} "[4.] The trial court erred when it sentenced the defendant-appellant to consecutive prison terms contrary to the rule of lenity.
 {¶ 10} "[5.] The trial court erred when it sentenced the defendant-appellant to consecutive prison terms contrary to the intent of the Ohio Legislators."
 {¶ 11} Collectively, Rupert asserts his sentence is unconstitutional, because he committed his crimes prior to the Supreme Court of Ohio's decision in State v. Foster,[5] but was sentenced pursuant to the post-Foster version of the sentencing statutes. This court has recently addressed nearly identical arguments in the case of State v.Elswick[6] *Page 4 
In State v. Elswick, this court found the nearly verbatim assignments of error that are raised in this appeal to be without merit.[7]
 {¶ 12} Based on the authority of State v. Elswick, Rupert's assignments of error are without merit.
 {¶ 13} The judgment of the trial court is affirmed.
MARY JANE TRAPP, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.
[1] State v. Rupert, 11th Dist. No. 2001-L-169, 2002-Ohio-7268, at ¶ 15-16.
[2] See Blakely v. Washington (2004), 542 U.S. 296.
[3] State v. Rupert, 11th Dist. No. 2003-L-154, 2005-Ohio-1098, at ¶ 37-49.
[4] In re Ohio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 313,2006-Ohio-2109, at ¶ 1-2, 43, citing State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
[5] See State v. Foster, supra.
[6] State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011.
[7] Id. at ¶ 5-55. *Page 1