OPINION
{¶ 1} Appellant, James Martin, appeals from the July 3, 2006 judgment entry of the Trumbull County Court of Common Pleas, in which he was resentenced for complicity to aggravated robbery.
 {¶ 2} On October 17, 2001, appellant was indicted by the Trumbull County Grand Jury for complicity to aggravated robbery with a firearm specification, a felony of the first degree, in violation of R.C.2923.03(A)(2) and (F), R.C. 2911.01(A)(1) and (C), *Page 2 
and R.C. 2941.145. Appellant pleaded not guilty at his arraignment, and the matter proceeded to a jury trial on May 21, 2002.
 {¶ 3} The following facts disclosed during trial were taken from appellant's first appeal, Case No. 2002-T-0111.
 {¶ 4} On the evening of September 12, 2001, three men entered the North End Supermarket ("the store"), located in Warren, Ohio, Trumbull County. One of the men possessed a gun as he entered the store. After he entered, the gun's chamber broke open from the gun and several bullets fell to the ground. Undeterred, the three men instructed the store's employees, Vesta Clifford ("Ms. Clifford") and Mahmoud Eltibi ("Mr. Eltibi"), to "hit the ground." One of the men then demanded that Mr. Eltibi open the cash register. Mr. Eltibi complied, and the man took approximately $500 from the cash register and some Black and Mild cigars. The three men then exited the store.
 {¶ 5} Patrolman Patrick Marsico ("Ptlm. Marsico"), of the Warren City Police Department ("WCPD"), responded to the reported robbery. At the store, Ptlm. Marsico interviewed Ms. Clifford and Mr. Eltibi and obtained a description of the three perpetrators. Ptlm. Marsico also collected five bullets which were scattered across the store's floor.
 {¶ 6} Sergeant William Boldin ("Sgt. Boldin"), of the WCPD, received a dispatch of the robbery which described the perpetrators' physical characteristics and clothing. As he drove past the Warren Heights Apartment Complex, Sgt. Boldin saw three men matching the description of the perpetrators. Sgt. Boldin pursued the individuals inside the apartment complex and ultimately apprehended and arrested one of the suspects. *Page 3 
 {¶ 7} The arrested suspect was later identified as Milton Lee ("Lee"). Based upon his distinctive hazel eyes and his frequent patronage of the store, Ms. Clifford picked Lee out of a photographic lineup as one of the perpetrators. Lee was questioned by the police and eventually confessed to his involvement in the robbery. He further informed the police that Jamuar Brown ("Brown") had also participated in the robbery.
 {¶ 8} Brown was subsequently arrested and ultimately admitted to his participation in the robbery. He also told the police that Freddie Washington ("Washington") and a man going by the name of James "Pops" Martin were involved in the robbery.
 {¶ 9} As a result of Lee and Brown's statements to the police, Washington and appellant were arrested. During appellant's incarceration, Detective Dewey Gray ("Det. Gray") and Sergeant Gary Vingle ("Sgt. Vingle"), of the WCPD, questioned appellant regarding his involvement in the robbery. Ultimately, appellant confessed that he was part of planning the robbery and that he drove the getaway vehicle.
 {¶ 10} Det. Gray and Sgt. Vingle then had appellant complete a written statement describing the factual events pertaining to the night of the robbery. The top portion of the written statement acknowledged that appellant waived his Miranda rights and was making the statement voluntarily. In his written statement, appellant wrote that he knew Lee, Brown, and Washington were going to "steal" something from the store, but was unaware that a gun would be used. Appellant further wrote that he assisted in the robbery as the getaway driver.
 {¶ 11} At trial, Lee and Washington identified appellant as an accomplice who helped plan the robbery and acted as the getaway driver. Lee and Washington further *Page 4 
testified that appellant had knowledge of the gun and that, although appellant never entered the store, he had handled the gun just prior to the robbery. Brown, however, testified that appellant was not the James "Pops" Martin he had referred to in his pretrial statement to police and denied that appellant was involved in the robbery.
 {¶ 12} Det. Gray testified with respect to his interrogation of appellant. During cross-examination, appellant's counsel cited to Defendant's Exhibit A, which was a general written summary of appellant's interrogation made by Det. Gray. Within the summary, Det. Gray noted that appellant had admitted to handling the gun just prior to the robbery. The summary further stated that appellant's admission of handling the gun was left out of the written statement because appellant was on parole and could not be around any guns. Det. Gray's testimony explained that he allowed the written statement to infer that appellant had no knowledge of the gun because he had sympathy for appellant.
 {¶ 13} At the trial's conclusion, the jury found appellant guilty of one count of complicity to aggravated robbery with a firearm specification. On July 18, 2002, a sentencing hearing was held. The trial court sentenced appellant to a seven-year prison term for complicity to aggravated robbery and a consecutive three-year prison term for the firearm specification. It was from that judgment that appellant filed his first appeal and asserted the following four assignments of error:
 {¶ 14} "[1.] The Appellant's convictions are not supported by sufficient evidence.
 {¶ 15} "[2.] The Appellant's convictions are against the manifest weight of the evidence. *Page 5 
 {¶ 16} "[3.] The trial court erred by failing to notify Appellant pursuant to R.C. 2929.19(B)(3) at the time of sentencing that he will be subject to post-release control pursuant to R.C. 2967.28.
 {¶ 17} "[4.] The trial court erred and abused its discretion by sentencing Appellant to a disproportionately long term of incarceration."
 {¶ 18} On June 18, 2004, this court affirmed in part, reversed in part, and remanded the matter for resentencing. State v. Martin, 11th Dist. No. 2002-T-0111, 2004-Ohio-3330. This court held that appellant's first, second, and fourth assignments of error were without merit, and his third assignment of error was well-taken. Id. at ¶ 64. Thus, this court affirmed appellant's conviction of complicity to aggravated robbery with a firearm specification, but vacated the trial court's sentence, and remanded the matter for resentencing. Id.
 {¶ 19} On January 13, 2005, the trial court conducted a resentencing hearing and sentenced appellant to a six-year prison term for the underlying offense, and three years on the firearm specification, to be served consecutively, for a total of nine years. The trial court found that the shortest prison term would demean the seriousness of appellant's conduct and not adequately protect the public from future crimes, pursuant to R.C. 2929.14(B). Appellant filed a motion for leave to file a delayed appeal on April 14, 2005, which was granted by this court on June 16, 2005. In his second appeal, Case No. 2005-T-0047, appellant asserted the following sole assignment of error:
 {¶ 20} "The trial court's imposition of a sentence greater than the minimum term permitted by statute based upon findings not made by a jury nor admitted by appellant *Page 6 
is contrary to law and violates appellant's right to a trial by jury and due process, as guaranteed by the sixth and fourteenth amendments to the United States Constitution."
 {¶ 21} On May 19, 2006, this court vacated appellant's sentence and remanded the matter for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. State v. Martin, 11th Dist. No. 2005-T-0047, 2006-Ohio-2499.
 {¶ 22} Pursuant to this court's remand, the trial court resentenced appellant pursuant to Foster on June 21, 2006. Based on its July 3, 2006 judgment entry, the trial court sentenced appellant to six years on the principal charge and a mandatory three years on the firearm specification, for an aggregate term of nine years. The trial court further notified appellant that post release control is mandatory up to a maximum of five years. Appellant filed a motion for leave to file a delayed appeal on October 3, 2006, which was granted by this court on January 26, 2007. In his present appeal, appellant asserts the following two assignments of error for our review:
 {¶ 23} "[1.] The trial court abused its discretion by sentencing appellant to an unreasonable term of incarceration.
 {¶ 24} "[2.] The trial court erred and abused its discretion by sentencing appellant to a disproportionately long term of incarceration."
 {¶ 25} In his first assignment of error, appellant argues that the trial court abused its discretion by sentencing him to an unreasonable term of incarceration. He stresses that his sentence is unreasonable because he received a greater term than his co-defendants.
 {¶ 26} In his second assignment of error, appellant alleges that the trial court abused its discretion by sentencing him to a disproportionately long term of *Page 7 
incarceration. He maintains that his sentence is disproportionate to that of his co-defendants.
 {¶ 27} Because appellant's first and second assignments of error are interrelated, we will address them together.[1]
 {¶ 28} "`A reviewing court will not disturb a defendant's sentence absent a finding, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law.'"State v. Bush, 11th Dist. No. 2005-P-0004, 2006-Ohio-4038, at ¶ 49, quoting State v. Lloyd, 11th Dist. No. 2002-L-069, 2003-Ohio-6417, at ¶ 6.
 {¶ 29} "R.C. 2929.11 and R.C. 2929.12, two key statutory provisions of Ohio's sentencing scheme, survive after Foster. Even though trial courts are no longer required to make specific findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences on the record, R.C. 2929.11 and R.C. 2929.12 must still be considered when sentencing offenders. * * *." State v. Elswick, 11th Dist. No. 2006-L-075,2006-Ohio-7011, at ¶ 53.
 {¶ 30} R.C. 2929.11(B) provides: "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *Page 8 
 {¶ 31} This court stated in State v. Adams, 11th Dist. No. 2003-L-110,2005-Ohio-1107, at ¶ 57, quoting State v. Newman, 11th Dist. No. 2002-A-0007, 2003-Ohio-2916, at ¶ 10:
 {¶ 32} "* * * [Although `a trial court is required to engage in the analysis set forth by R.C. 2929.11(B) to ensure the consistency of sentences,' a court is not required `to make specific findings on the record' in this regard." * * * The trial court possesses `broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines.' State v.Smith (June 11, 1999), 11th Dist. No. 98-P-0018, 1999 Ohio App. LEXIS 2632, at 8."
 {¶ 33} In State v. Swiderski, 11th Dist. No. 2004-L-112,2005-Ohio-6705, at ¶ 56-58, this court stated:
 {¶ 34} "[W]e agree with appellant that R.C. 2929.11(B) mandates consistency when applying Ohio's sentencing guidelines. See, e.g.,State v. Lyons, 8th Dist. No. 80220, 2002-Ohio-3424, at ¶ 30. Accordingly, `it is the trial court's responsibility to insure that it has the appropriate information before it when imposing sentence in order to comply with the purposes of felony sentencing.' Id. However, this court has reasoned that sentencing consistency is not developed via a trial court's comparison of the existing matter before the court to prior sentences for similar offenders and similar offenses. State v.Spellman, 160 Ohio App.3d 718, 2005-Ohio-2065, at ¶ 12 * * *. Specifically, we stated:
 {¶ 35} "`We agree with the rationale of the Lyons court, insofar as the trial court must adhere to the statutory mandate to ensure consistency in sentencing. However, we note, as that court did, that the trial court is required to make its sentencing *Page 9 
decisions in compliance with the statute, but need not specifically comb the case law in search of similar offenders who have committed similar offenses in order to ascertain the proper sentence to be imposed.' Id.
 {¶ 36} "In short, a consistent sentence is not derived from a case-by-case comparison; rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency. * * *." (Parallel citation omitted.)
 {¶ 37} In the instant matter, the trial court stated the following in its July 3, 2006 judgment entry:
 {¶ 38} "The Court has considered the record, oral statements, the pre-sentence investigation report, and any victim impact statements, as well as the principles and purposes of sentencing under [R.C.] 2929.11, and has balanced the seriousness and recidivism factors of [R.C.] 2929.12."
 {¶ 39} The trial court sentenced appellant to six years for his first degree felony offense, within the range of three to ten years. R.C.2929.14(A)(1). Nevertheless, appellant attempts to argue that because he merely drove the principals to and from the store, his sentence of six years was unreasonable. The record, however, demonstrates that appellant was the ring leader and the motivating force of the robbery. Specifically, there was evidence that appellant coordinated the robbery to collect drug money that the principals owed him. Also, appellant had a previous criminal record and was on probation for another burglary at the time of the robbery in the instant case. As such, appellant and the other actors were not similar offenders.
 {¶ 40} We also note that "there is no requirement that co-defendants receive equal sentences." State v. Rupert, 11th Dist. No. 2003-L-154,2005-Ohio-1098, at ¶ 11, *Page 10 
citing Lloyd, supra, at ¶ 21. "* * * [W]hen there is a multiple codefendant situation and those co-defendants are essentially charged with the same crimes, what may seem to be a disparity in certain situations may not be a disparate sentence. This may occur when the records submitted in such cases provide a different table of review which may appropriately result in a varied sentence in a given case when evaluated according to the pertinent statutory criteria." Rupert at ¶ 13. Nothing in the record before us suggests that the difference in appellant's sentence from that of his co-defendants is a result of anything other than the individualized factors the court applied to appellant. See State v.Torres, 11th Dist. No. 2006-L-116, 2007-Ohio-3023, at ¶ 33.
 {¶ 41} The trial court was within the statutory sentencing guidelines of R.C. 2929.14(A)(1) to sentence appellant to a six year prison term for complicity to aggravated robbery.
 {¶ 42} Appellant's first and second assignments of error are without merit.
 {¶ 43} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
MARY JANE TRAPP, J., concurs,
TIMOTHY P. CANNON, J., concurs in judgment only.
[1] We note that appellee, the state of Ohio, claims that res judicata applies to appellant's assignments of error. However, we disagree. The previous sentences in this case were vacated and treated as if they did not occur. Thus, any issues arising from the current resentencing are not subject to res judicata. State v. Taogaga, 165 Ohio App.3d 775,2006-Ohio-692, at ¶ 18. *Page 1