OPINION
{¶ 1} Appellant, Mark J. Brewer, appeals from the January 4, 2008 judgment entry of the Ashtabula County Court of Common Pleas, in which he was sentenced for robbery, burglary, and abduction. *Page 2 
 {¶ 2} On May 10, 2007, appellant was indicted by the Ashtabula County Grand Jury on twenty counts: two counts of receiving stolen property, felonies of the fourth degree, in violation of R.C. 2913.51; four counts of aggravated robbery, felonies of the first degree, in violation of R.C. 2911.01; four counts of grand theft of a motor vehicle, felonies of the fourth degree, in violation of R.C. 2913.02; two counts of aggravated burglary, felonies of the first degree, in violation of R.C. 2911.11; four counts of kidnapping, felonies of the second degree, in violation of R.C. 2905.01; and four counts of abduction, felonies of the third degree, in violation of R.C. 2905.02.[1] Appellant pleaded not guilty at his arraignment on July 9, 2007.
 {¶ 3} On October 24, 2007, appellant withdrew his former not guilty plea and entered a plea of guilty to robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(1); burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(1); and two counts of abduction, felonies of the third degree, in violation of R.C. 2905.02(A)(2). The remaining counts contained in the indictment were dismissed. The trial court accepted appellant's guilty plea on that same date.
 {¶ 4} Pursuant to its January 4, 2008 judgment entry, the trial court sentenced appellant to the following: five years in prison on the robbery count; five years on the burglary count; and three years on each of the two abduction counts. The trial court ordered that the sentences imposed with respect to the robbery and burglary counts should run consecutively with each other. The two abduction counts were ordered to run concurrent with each other and consecutively with the robbery and burglary counts, for a total sentence of thirteen years. *Page 3 
 {¶ 5} On January 23, 2008, appellant filed a motion to withdraw his guilty plea. As a result of that motion, appellant was resentenced on February 7, 2008, to the following: eight years on the robbery count; eight years on the burglary count; and three years each for the two abduction counts, all of which were to run concurrently, for a total sentence of eight years.
 {¶ 6} Appellant filed a timely notice of appeal and asserts the following assignment of error for our review:
 {¶ 7} "The trial court below abused its discretion when it gave appellant a much higher sentence than his co-defendant."
 {¶ 8} In his sole assignment of error, appellant argues that the trial court violated R.C. 2929.11(B) in sentencing him to a longer term of imprisonment than his co-defendant. We disagree.
 {¶ 9} R.C. 2929.11(B) provides: "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 10} This court stated in State v. Adams, 11th Dist. No. 2003-L-110,2005-Ohio-1107, at ¶ 57, quoting State v. Newman, 11th Dist. No. 2002-A-0007, 2003-Ohio-2916, at ¶ 10:
 {¶ 11} "* * * [A]lthough `a trial court is required to engage in the analysis set forth by R.C. 2929.11(B) to ensure the consistency of sentences,' a court is not required `to make specific findings on the record' in this regard." * * * The trial court possesses *Page 4 
`broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines.'State v. Smith (June 11, 1999), 11th Dist. No. 98-P-0018, 1999 Ohio App. LEXIS 2632, at 8."
 {¶ 12} In State v. Swiderski, 11th Dist. No. 2004-L-112,2005-Ohio-6705, at ¶ 56-58, this court stated:
 {¶ 13} "We agree with appellant that R.C. 2929.11(B) mandates consistency when applying Ohio's sentencing guidelines. See, e.g.,State v. Lyons, 8th Dist. No. 80220, 2002-Ohio-3424, at ¶ 30. Accordingly, `it is the trial court's responsibility to insure that it has the appropriate information before it when imposing sentence in order to comply with the purposes of felony sentencing.' Id. However, this court has reasoned that sentencing consistency is not developed via a trial court's comparison of the existing matter before the court to prior sentences for similar offenders and similar offenses. State v.Spellman, 160 Ohio App.3d 718, 2005-Ohio-2065, at ¶ 12 * * * (* * *). Specifically, we stated:
 {¶ 14} "`We agree with the rationale of the Lyons court, insofar as the trial court must adhere to the statutory mandate to ensure consistency in sentencing. However, we note, as that court did, that the trial court is required to make its sentencing decisions in compliance with the statute, but need not specifically comb the case law in search of similar offenders who have committed similar offenses in order to ascertain the proper sentence to be imposed.' Id.
 {¶ 15} "In short, a consistent sentence is not derived from a case-by-case comparison; rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency. * * *." (Parallel citation omitted.)" *Page 5 
 {¶ 16} In the case at bar, the trial court stated the following in its January 4, 2008 judgment entry:
 {¶ 17} "The Court has considered the record, oral statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing under [R.C.] 2929.11, and has balanced the seriousness and recidivism factors under [R.C.] 2929.12."
 {¶ 18} The trial court resentenced appellant to eight years in prison, within the statutory sentencing guidelines. R.C. 2929.14(A). Nevertheless, appellant argues that his sentence violates R.C. 2929.11(B) because he and his co-defendant committed the same crimes and he received a longer prison term. He stresses that he should have received less prison time than his co-defendant because his co-defendant had a gun.
 {¶ 19} We note that "`there is no requirement that co-defendants receive equal sentences.' State v. Rupert, [11th Dist. No. 2003-L-154,]2005-Ohio-1098, at ¶ 11, citing [State v.] Lloyd, [11th Dist. No. 2002-L-069, 2003-Ohio-6417] * * *, at ¶ 21. `(* * *) (W)hen there is a multiple codefendant situation and those co-defendants are essentially charged with the same crimes, what may seem to be a disparity in certain situations may not be a disparate sentence. This may occur when the records submitted in such cases provide a different table of review which may appropriately result in a varied sentence in a given case when evaluated according to the pertinent statutory criteria.'Rupert at ¶ 13. * * *." State v. Martin, 11th Dist. No. 2006-T-0111,2007-Ohio-6722, at ¶ 40.
 {¶ 20} Nothing in the record before this court suggests that the difference in appellant's sentence from that of his co-defendant is a result of anything other than the *Page 6 
individualized factors the court applied to appellant. SeeMartin, supra, at ¶ 40; State v. Torres, 11th Dist. No. 2006-L-116,2007-Ohio-3023, at ¶ 33.
 {¶ 21} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
 {¶ 22} It is the further order of this court that costs are waived since appellant appears from the record to be indigent. The court finds there were reasonable grounds for this appeal.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur.
[1] A co-defendant, John D. Lanam, Jr., was indicted on the same offenses, pleaded guilty, and received a stipulated sentence of four years in prison. *Page 1