OPINION
{¶ 1} Appellant, Shanimba Nelson, appeals from the April 15, 2008 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for trafficking in cocaine, with a forfeiture specification.
 {¶ 2} On June 16, 2006, appellant was indicted by the Lake County Grand Jury on three counts: count one, trafficking in cocaine, a felony of the first degree, in violation of R.C. 2925.03(A)(2), with forfeiture and major drug offender specifications; count two, *Page 2 
possession of cocaine, a felony of the first degree, in violation of R.C. 2925.11, with forfeiture and major drug offender specifications; and count three, possessing criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24.[1] On June 30, 2006, appellant filed a waiver of his right to be present at the arraignment and the trial court entered a not guilty plea on his behalf.
 {¶ 3} On August 25, 2006, appellant withdrew his former plea of not guilty, and entered an oral and written plea of guilty to an amended version of count one, which reduced the amount of drugs charged to between 500 and 1000 grams of cocaine, and agreed to the forfeiture specification attached to that count. On August 30, 2006, the trial court accepted appellant's guilty plea and entered a nolle prosequi on the remaining two charges and specifications in the indictment.
 {¶ 4} A sentencing hearing was scheduled for September 25, 2006. However, appellant failed to appear. He was later apprehended in New York and finally sentenced on April 7, 2008.
 {¶ 5} Pursuant to its April 15, 2008 judgment entry, the trial court sentenced appellant to eight years in prison, with forty-five days of credit for time already served. The trial court forfeited the vehicle that appellant was operating at the time of the offense, suspended his driver's license for five years, and notified him that post release control is mandatory for a period of five years. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error: *Page 3 
 {¶ 6} "The trial court violated appellant's rights to equal protection and due process of law under the Fifth and Fourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B)."
 {¶ 7} In his sole assignment of error, appellant argues that the trial court violated his constitutional rights by sentencing him contrary to R.C. 2929.11(B). Appellant presents two issues for our review. In his first issue, appellant alleges that the trial court erred by imposing upon him a sentence that is not consistent to similarly situated criminals who committed similarly situated crimes, especially that of his co-defendant.[2] In his second issue, appellant maintains that the trial court erred by ordering a sentence of eight years imprisonment which is not proportional to the crimes committed.
 {¶ 8} Because appellant's two issues are interrelated, we will address them together.
 {¶ 9} R.C. 2929.11(B) provides: "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *Page 4 
 {¶ 10} This court stated in State v. Adams, 11th Dist. No. 2003-L-110,2005-Ohio-1107, at ¶ 57, (overruled on other grounds (2005), State v.Payne, 11th Dist. No. 2004-L-118, 2005-Ohio-7043), at ¶ 10:
 {¶ 11} "* * * [Although `a trial court is required to engage in the analysis set forth by R.C. 2929.11(B) to ensure the consistency of sentences,' a court is not required `to make specific findings on the record' in this regard. (State v. Newman, 11th Dist. No. 2002-A-0007, 2003-Ohio-2916)" The trial court possesses `broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines.' State v.Smith (June 11, 1999), 11th Dist. No. 98-P-0018, 1999 Ohio App. LEXIS 2632, at 8."
 {¶ 12} In State v. Swiderski, 11th Dist. No. 2004-L-112,2005-Ohio-6705, at ¶ 56-58, this court stated:
 {¶ 13} "[W]e agree with appellant that R.C. 2929.11(B) mandates consistency when applying Ohio's sentencing guidelines. See, e.g.,State v. Lyons, 8th Dist. No. 80220, 2002-Ohio-3424, at ¶ 30. Accordingly, `it is the trial court's responsibility to insure that it has the appropriate information before it when imposing sentence in order to comply with the purposes of felony sentencing.' Id. However, this court has reasoned that sentencing consistency is not developed via a trial court's comparison of the existing matter before the court to prior sentences for similar offenders and similar offenses. State v.Spellman, 160 Ohio App.3d 718, 2005-Ohio-2065, at ¶ 12 * * * (* * *). Specifically, we stated:
 {¶ 14} "`We agree with the rationale of the Lyons court, insofar as the trial court must adhere to the statutory mandate to ensure consistency in sentencing. However, *Page 5 
we note, as that court did, that the trial court is required to make its sentencing decisions in compliance with the statute, but need not specifically comb the case law in search of similar offenders who have committed similar offenses in order to ascertain the proper sentence to be imposed.' Id.
 {¶ 15} "In short, a consistent sentence is not derived from a case-by-case comparison; rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency. * * *." (Parallel citation omitted.)
 {¶ 16} In the case at bar, the trial court properly considered the relevant factors of R.C. 2929.11 and 2929.12, stating the following in its April 15, 2008 judgment entry:
 {¶ 17} "The Court has also considered the record, oral statements, any victim impact statement, pre-sentence report and/or drug and alcohol evaluation submitted by the Lake County Adult Probation Department of the Court of Common Pleas, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12
 {¶ 18} "In considering the foregoing, and for the reasons stated in the record, this Court finds that a prison sentence is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and that Defendant is not amenable to an available community control sanction."
 {¶ 19} The trial court made a similar pronouncement at the sentencing hearing. The transcript reveals that the trial court noted that appellant acted for hire, as part of an organized criminal activity, and possessed over three times the amount of cocaine necessary for a first degree felony. The trial court also considered appellant's criminal history and that at the time of the instant offense, he was on probation. The trial court *Page 6 
referenced the fact that appellant failed to show up for the first sentencing hearing over a year and a half ago.
 {¶ 20} Here, the trial court sentenced appellant to eight years in prison, within the statutory sentencing guidelines. R.C. 2929.14(A)(1). Nevertheless, appellant argues that his sentence violates R.C. 2929.11(B) because it is disproportionate as well as inconsistent with that of his co-defendant.
 {¶ 21} We note that "`there is no requirement that co-defendants receive equal sentences.' State v. Rupert, [11th Dist. No. 2003-L-154,]2005-Ohio-1098, at ¶ 11, citing Lloyd, supra, at ¶ 21. `(* * *) (W)hen there is a multiple codefendant situation and those co-defendants are essentially charged with the same crimes, what may seem to be a disparity in certain situations may not be a disparate sentence. This may occur when the records submitted in such cases provide a different table of review which may appropriately result in a varied sentence in a given case when evaluated according to the pertinent statutory criteria.' Rupert at ¶ 13. * * *." State v. Martin, 11th Dist. No. 2006-T-0111, 2007-Ohio-6722, at ¶ 40.
 {¶ 22} Nothing in the record before this court suggests that the difference in appellant's sentence from that of his co-defendant is a result of anything other than the individualized factors the court applied to appellant. See Martin, supra, at ¶ 40. The trial court properly applied the statutory factors and considerations, thus, ensuring consistency and proportionality.
 {¶ 23} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed. It is the further *Page 7 
order of this court that costs are waived since appellant appears from the record to be indigent. The court finds that there were reasonable grounds for this appeal.
DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur.
[1] The instant charges stem from a traffic stop on I-90 in Willoughby Hills, Lake County, Ohio, on February 28, 2006. An officer with the Willoughby Hills Police Department observed appellant, the driver of the vehicle owned by his co-defendant, Shurmale Garner, who was a passenger at the time of the stop, traveling in excess of the posted speed limit and change lanes without signaling. Both appellant and his co-defendant had suspended driver's licenses. Ultimately, a search of the vehicle revealed three kilograms of cocaine inside the back seat of the automobile.
[2] Appellant's co-defendant went to trial and was found guilty on one count of trafficking in cocaine, with major drug offender and forfeiture specifications, and received a total prison sentence of thirteen years.State v. Garner, 11th Dist. No. 2007-L-041, 2007-Ohio-5914. Appellant argues that his co-defendant's sentence is inconsistent with his, since appellant pleaded guilty to trafficking in cocaine, without the major drug offender specification, and received a sentence of eight years. *Page 1